LAURA P. STAPLES, Appellant, v. JEPTHA H. SIMPSON'S Administrator, Respondent.

St. Louis Court of Appeals, December 18, 1894.

**Pledge:** ESSENTIALITY OF DELIVERY. To constitute a valid pledge, the subject thereof, if capable of personal possession, must be actually delivered to the pledgee. A mere promise of delivery is not sufficient; but, whether such promise could, as between the parties, be enforced in equity is not determined.

*Appeal from the St. Louis City Circuit Court.*—HON. JAS. E. WITHROW, Judge.

AFFIRMED.

*John N. Straat* for appellant.

*R. M. Nichols* for respondent.

BOND, J.—It appeared by plaintiff's evidence that plaintiff's agent, John N. Straat, had, as the intermediary of several principals, been engaged in lending money to Jeptha Simpson for about fifteen or sixteen years. When the transaction began, an agreement was made between Straat and Simpson, that any collateral interest notes which Simpson might pledge to Straat, if redelivered, would be collected by Simpson, and the proceeds thereof paid in discharge of his personal interest notes held by said Straat as agent. In January, 1892, Simpson owed the plaintiff, one of Straat's principals, $4,200; and, to secure his notes therefor, Simpson delivered, as collateral security, a note to himself for $35,00, made by one Bergmeier and secured by deed of trust. Simpson died in February, 1892, but, about five weeks before his death, he said to Straat: "I want the Bergmeier note, the property may possibly be sold. If it is sold, I will bring you other collateral in place of it; if it is not sold, I will return these papers." He was handed the Bergmeier note, the deed of trust securing it, and the insurance policy, and went away with them. Some time after, he came to said Straat's office and said to him: "Here are the notes of Mr. Graham, who bought the Bergmeier property. Here is the policy of insurance and examination of title. The deed of trust is at the recorder's office; as soon as I can withdraw it, I will bring it to you. Shall I keep the interest notes, or will you keep them?" Mr. Straat replied: "Under

our arrangement, it does not make any difference, you keep them, or leave them with me;" and he (Simpson) walked off with them. "*Q.* He had them in his hand? *A.* Yes, sir; he handed the principal note to me or laid it on my desk. *Q.* He handed you the $3,500 note and the card? *A.* He didn't hand me the card. *Q.* The $3,500 note and policy of insurance? *A.* And examination of title. *Q.* And turned away and walked off with the interest notes? *A.* After the conversation he walked off and took the interest notes with him, and the card signed by the recorder."

The present action of replevin is brought by plaintiff to recover possession of the Graham interest notes, which Simpson retained after the foregoing colloquy. After the giving of instructions, not complained of, the jury returned a verdict for defendant, from which plaintiff has appealed to this court.

Appellant concedes that the only question on this appeal is one of fact, *i. e.*, whether the interest notes sued for were pledged to his principal under the foregoing statement of the evidence. It must be apparent upon consideration of the evidence that we are not authorized to vacate the judgment in this case. The primary fact necessary to constitute a valid pledge is that the subject thereof, if capable of personal possession, should be actually delivered to the pledgee. The The possession thus transferred is the very essence of the right of the pledgee, and the only basis of his right to recover the property. These principles are too clear for a citation of authority. In the case at bar the jury were warranted in finding that "the interest notes" were never delivered by Simpson to plaintiff's agent, and if it be conceded for the argument's sake that he promised to deliver them, or offered to deliver them, yet it is obvious that such promise or proffer was wholly ineffectual to create a pledge, unless followed by a

subsequent delivery. Whether such an executory contract would be enforced in equity as between the immediate parties, it is not necessary to inquire; clearly it could not become the ground of a legal action to recover the property in specie.

For these reasons the judgment herein is affirmed. Judge ROMBAUER concurs. Judge BIGGS is absent.