CHARLES A. REVERCOMB, Constable, to use of D. B. Swift, Respondent. v. JOHN H. DUKER et al., Appellants.

St. Louis Court of Appeals, April 12, 1898.

1. **Action on Indemnity Bond Given to Constable:** DAMAGES: CLAIM FOR PERSONAL PROPERTY LEVIED ON BY CONSTABLE. Under the statutes applicable to a claim of personal property when levied on by a justice's execution against another, the claimant, after presenting his claim as required by the statute, and after an indemnifying bond has been given to the officer against such claim, can not sue the constable for the property, but must pursue his remedy on said bond.

2. ———: ——— : ———: STATUTORY CONSTRUCTION: ACTUAL AND CONTINUAL CHANGE OF POSSESSION: SALE OF GOODS. To accomplish the actual and continuous change of possession to render sales of goods and chattels operative against creditors under Revised Statutes 1889, section 5178, it is indispensable that the things done to evince the change of possession must be "open, notorious and unequivocal."

3. ———: ———: ———. In the case at bar the only thing done at the time of the sale was to put the brother of vendee in charge of the store. Nothing further was done to arrest the attention of the public or to indicate that the store and its contents had a new owner. The name of the new proprietor was not placed upon the building, nor was the sign of the former proprietor removed. *Held*, that these acts did not constitute the change of possession contemplated by the statute.

*Appeal from the Shelby Circuit Court.*—HON. ANDREW ELLISON, Judge.

REVERSED.

W. O. L. JEWETT and B. R. DYSART for appellant.

The question whether there has been such a delivery or and change of possession as complies with section 5178, Revised Statutes 1889, is a question of law for the court. Stern v. Henley, 68 Mo. 262; State ex rel. v. Goetz, 131

Mo. 675; Knoop ex rel. v. Nelson Dis. Co., 26 Mo. App. 303; Wright v. McCormick, 67 Mo. 426; Stewart v. Nelson, 79 Mo. 524. The petition is insufficient, as no breach of the bond sued upon is legally alleged or set forth, and the court should, therefore, have sustained defendants' objection to the introduction of any evidence, and the motion in arrest should have been sustained. Langford v. Sanger, 40 Mo. 161; Rushenberg v. R'y, 109 Mo. 112; Biddle v. Boyce, 13 Mo. 532; Curry v. Cabliss, 37 Mo. 330. Where a person seeks to recover money obtained by the defendants under judicial proceedings, his petition must contain such averments as will exclude the idea that the money could have been lawfully obtained. Funkhauser & Prattle v. How, 17 Mo. 225. The petition seems to be based upon the satisfaction of some one or more judgments, but it does not sufficiently describe or set forth these judgments so that the defendants or the court can understand what the judgments were, whether right or wrong. The alleged sale from Smock to Swift was fraudulent and void under the statute. R. S. 1889, sec. 5178; State ex rel. v. Goetz, 131 Mo. 675; Bank v. Powers, 134 Mo. 432; Wright v. McCormick, 67 Mo. 426; Stern v. Henley, 68 Mo. 262; Claflin v. Roenberg, 42 Mo. 439; Lesem v. Harriford, 44 Mo. 323; Bishop v. O'Connel, 56 Mo. 158; Knoop ex rel. v. Nelson Dis. Co., 26 Mo. App. 303; Stewart v. Nelson, 79 Mo. 524.

HUMPHREY & ELLISON and V. L. DRAIN for respondents.

It is only in cases where the evidence is not contradictory and the circumstances and the evidence undisputed shows that there was not an actual change of possession that the court should declare the sale a fraud in law. Bank v. Powers, 134 Mo. 432; Knoop ex rel.

v. Nelson Dis. Co., 26 Mo. App. 303.  The cases cited
by appellants under this head simply reiterate this
proposition, but in no case cited by appellants or that
we have been able to find has the court ever declared
a sale fraudulent in law where the evidence supporting
the sale and change of possession was as strong as in
this case.

BOND, J.—This action is upon a bond given by
the defendants to indemnify a constable against any
damages to D. B. Swift occasioned by the levy of an
execution upon certain property claimed by the latter.
There was a verdict and judgment for plaintiff.  De-
fendant appealed.  The chief point relied on to reverse
this judgment is the alleged insufficiency of the evi-
dence to show a change of possession of the property
at the time of the making of a bill of sale thereof to
D. B. Swift.  It appears from the evidence that the
property in question was mortgaged in 1896 to Swift
to secure $825 due him, subject to a prior mortgage to
secure $400, balance of purchase money due to one
Beatty; that the property consisted of the stock in
trade of a drugstore and was conducted as such by
A. T. Smock, the son-in-law of D. B. Swift; that on
STATEMENT.         the ninth of February, 1897, Swift, Smock
                   and Beatty had a meeting, whereat an ad-
justment of affairs was reached, resulting in the sale
of business and the stock in trade to Swift, and the
assumption by him of the balance due to Beatty.  At
this time Swift placed a brother of Smock's in charge
of the store, but took no inventory of its contents, and
neither removed the old sign nor put up one of his own,
or gave any further notice of his acquisition of title to
the property.

Shortly thereafter J. H. Duker & Brother obtained
a judgment before a justice of the peace against A. T.

Smock, whereon was issued the execution which was levied upon the property in dispute. After the levy plaintiff filed a verified claim of ownership with the constable, who thereupon took the indemnifying bond sued on in this case. Plaintiff then replevied the property and was cast in that suit, for the reason that it did not lie under the facts in this record. Plaintiff satisfied the judgment against him in the replevin suit by paying the amount of the execution and costs in the officer's hands and brought the present action to recover the sum thus paid. The provisions of the bond in suit are broad enough to warrant such recovery, provided plaintiff can be held to be the owner of the property as against a judgment creditor of his vendor; nor is there any merit in the contention that plaintiff is precluded from a recovery in this action by the event of the replevin suit. Under the statutes applicable to a claim of personal property when levied on by a justice's execution against another, the claimant, after presenting his claim as required by statutes, and after an indemnifying bond has been given to the officer against such claim, can not sue the constable for the property, but must pursue his remedy on said bond. R. S. 1889, secs. 6311, 6312 and 6313. As the replevin suit brought by plaintiff could not be maintained under the statute applicable to the facts in this record, the judgment therein did not involve a decision of the merits of the controversy, and could not be relied on in bar of the present action, even if specially pleaded, as was not done.

*Action must be on bond.*

The controlling question on this appeal grows out of a construction of the statutory requirement for "an actual and continued change of possession," to render sales of goods and chattels operative against creditors. R. S. 1889, sec. 5178.

This statute was designed to establish the legal

policy of this state as to the character and extent of the change of possession necessary in a sale of personalty to create title in the buyer against the creditors of the seller.    It has received much consideration and explicit interpretation by the courts, and while the decisions do not make any specification of the particular acts essential to establish the change of possession prescribed by the statute, it is uniformly held that enough must be done to render the transfer of title visible to the community.    Anything less than this would thwart the object of the statute, which is to put the fact of an actual change of possession and ownership within the limits of certainty in the minds of the public.    To accomplish this it is indispensable that the things done to evince the change of possession must be "open, notorious and unequivocal."    Wright v. McCormick, 67 Mo. 426; State ex rel. v. Goetz, 131 Mo. 675; Knoop ex rel. v. Nelson Distilling Co., 26 Mo. App. 303.    In the case at bar the only thing done at the time of the sale was to put the brother of the vendor in charge of the store.    Nothing further was done calculated to arrest the attention of the public, or to indicate that the store and its contents had a new owner.    The name of the new proprietor was not placed upon the building, nor was the sign of the former proprietor removed.    No cessation of business for the taking of an inventory was had. All things presented the same external appearance which they bore before the sale, and differed internally only in the employment of a new salesman.    This fact does not imply, in common experience, any change of ownership, for it is perfectly consistent with the course of mercantile business that new men should be put in charge of affairs without any change of proprietors.

This being so, the mere employment by plaintiff of the brother of the vendor as salesman, was not an

act of unequivocal meaning in signifying a visible change of possession, and hence did not work the change of possession required by the statute. All the facts bearing on the question of change of possession in this case are undisputed and unambiguous in import. They do not afford any just inference that such change took place as the law requires in order to vest title in the plaintiff to the property in dispute as against the claims of the execution creditor of the vendor. The court should therefore have given a peremptory instruction to find for the defendants. For its failure in this respect, the judgment is reversed. All concur.