Faircloth v. Tinsley.

J. O. MITCHELL, Constable, etc., ex rel., GEORGE W. FAIRCLOTH, Respondent, v. J. D. TINSLEY, et al., Appellants.

### St. Louis Court of Appeals, March 13, 1900.

1. **Pleading and Practice: EVIDENCE: STATUTORY CONSTRUCTION: CONSTABLE'S BOND.** Under the statute governing pleadings when the action or defense is founded upon a written instrument charged to have been executed by the adverse party, it was the duty of appellants if they desired to controvert the allegations as to the bond contained in the petition, to have answered under oath denying the execution of the instrument.

2. ——: ——: ——: ——. Not having done this, the bond as set forth in the petition stood confessed by defendants, and there was no necessity for the formality of its introduction as evidence.

3. **Bill of Sale of Personal Property: POSSESSION, EVIDENCE OF CHANGE OF: STATUTORY CONSTRUCTION.** As there is no statute in this state requiring absolute sales of personal property to be recorded, the record of a bill of sale is not evidence of a compliance with section 3410, Revised Statutes 1889, requiring a visible change of possession of the thing sold.

4. ——: ——: ——: OPEN, NOTORIOUS AND UNEQUIVOCAL CHANGE OF POSSESSION OF PERSONAL PROPERTY: PROOF, FAILURE OF. In the case at bar it is held that on the record there was a failure of proof of an "open, notorious and unequivocal change of possession of personal property."

Appeal from the Pemiscot Circuit Court.—*Hon. Henry C. Riley*, Judge.

REVERSED.

*Charles B. Faris* for appellant.

(1)   Plaintiff admits that there was no change of possession of the lumber from Cawthon to him; that Cawthon

"just showed him the lumber and gave him the bill of sale." Plaintiff exercised no acts of dominion or ownership over the lumber, at any time, nor did he at any time, either before or after the levy of the execution, assume that open, notorious, continuous and unequivocal possession required by law. Plaintiff's alleged title to the lumber, was, therefore, void as to Tinsley, the execution creditor. R. S. 1889, sec. 5178; Claflin v. Rosenburg, 42 Mo. 439; Stern v. Henley, 68 Mo. 262; State ex rel. Pierce v. Merritt, 70 Mo. 275; Dyer v. Balsley, 40 Mo. App. 559; Huggins Cracker & Candy Co. v. Ellis, 45 Mo. App. 585. (2) Section 5178, above quoted, applies as well to prior execution creditors, such as Tinsley was, as it does to subsequent creditors. Collins v. Wilhoit, 108 Mo. 451; Oester v. Sitlington, 115 Mo. 247. (3) While the burden of proof, in ordinary cases, would have been upon appellants to show the fraudulent intent set up in their answer, by a preponderance of evidence, yet the facts of kinship between Cawthon and Faircloth having been admitted, and the inadequacy of consideration having been so clearly shown, had the effect of shifting this burden of proof as to fraud from appellants to respondent, and the refusal of instruction number one, asked for by the appellants, was wrong and erroneous. Garvin v. Williams, 50 Mo. 206; Street v. Goss, 62 Mo. 226; Miller v. Simonds, 72 Mo. 687; Bogie v. Nolan, 96 Mo. 85. The verdict is against the evidence, and against the law and the evidence. In such cases, appellate courts will exercise the right of reversal, if it appear that the verdict was the result of passion and prejudice. Sophn v. Railroad, 87 Mo. 74; Ackley v. Staehlin, 56 Mo. 479.

No brief for respondent furnished reporter.

BOND, J.—This suit is upon a bond given to a constable by an execution plaintiff upon a claim of ownership to

the property seized by the officer made by a third party. There was a verdict and judgment for plaintiff. The obligors in the bond appealed.

The first error assigned is that the record does not show that the bond sued upon was introduced in evidence on the trial. It was set out according to its legal tenor and effect in the petition, and a copy of it was annexed thereto as an exhibit. Under the statute governing pleadings where the action or defense is founded upon a written instrument charged to have been executed by the adverse party, it was the duty of appellants if they desired to controvert the allegations as to the bond contained in the petition, to have answered under oath denying the execution of the instrument. Not having done this the bond as set forth in the petition stood confessed by defendants, and there was no necessity for the formality of its introduction in evidence. R. S. 1899, sec. 746; Handley v. Railway, 55 Mo. App. loc. cit. 505; Smith Company v. Rembaugh, 21 Mo. App. 390. This point is accordingly ruled against appellants.

It is next insisted that the judgment should be reversed for failure of the record to contain any evidence tending to show that Faircloth, the alleged purchaser of the property and who brings this suit upon the bond executed to the constable by whom the property was levied upon and sold, complied with the requirements of the statute by taking open, notorious and unequivocal possession of the property within a reasonable time. R. S. 1899, sec. 3410. The record shows that the alleged purchaser took a bill of sale setting forth in general terms that he had purchased the undivided one-half interest of his vendor in the cottonwood and ash lumber at the Rowland mill, and that he caused this instrument to be filed for record; that he took no manner of possession of the property, simply had it pointed out to him, allowed it to remain in the same condition without in any wise affixing a mark or designation of his ownership or taking

any steps whatever to apprise the community that a change
in the title had taken place. As there is no statute in this
state requiring absolute sales of personal property to be
recorded, the record of the bill of sale was not evidence of a
compliance with the law requiring a visible change of posses-
sion of the thing sold. Kuykendall v. McDonald, 15 Mo.
416. As the record is further barren of any substantial evi-
dence of things done by the purchaser to take possession of
the property and to indicate that fact to the public, there
was certainly a failure of proof of an "open, notorious and
unequivocal change of possession." Revercomb v. Duker,
74 Mo. App. 570, and cases cited. It was therefore the
duty of the trial court in this case to have directed a verdict
for the defendants. Its submission of the issues as to change
of possession to the jury was error, for which the judgment
rendered upon their verdict in favor of plaintiff must be
and is hereby reversed. All concur.