# H. R. CHITWOOD, Respondent, v. LANYON ZINC COMPANY, Appellant.

## Kansas City Court of Appeals, March 3, 1902.

1. **Chattel Mortgage: RECORDING: POSSESSION.** If a certain transaction attempting to transfer certain ore be construed as a mortgage, it must be held void since the mortgage was not recorded nor possession taken of the ore.

2. **Pledges: POSSESSION: EVIDENCE.** Neither can said transaction be regarded as a pledge since the evidence fails to show the necessary possession.

3. **Mines and Mining: OWNERSHIP OF ORE: LEASE.** Ores dug by a lessee under a mining lease belong to the owner of the fee and not the lessee, unless it is otherwise especially provided in the lease.

4. ———: **NOTICE OF ASSIGNMENT: PURCHASER.** A lessee under a mining lease transferred certain ore by an oral agreement to plaintiff, who never took possession thereof, and assigned his lease to C. C subsequently sold the ore in the bin to the defendant, both C and defendant having notice of the previous transaction. *Held*, defendant's title was good and plaintiff could not maintain trover for the value of the ore.

Appeal from Jasper Circuit Court.—*Hon. J. D. Perkins,* Judge.

REVERSED.

*J. W. McAntire* for appellant.

(1)   The ore was the absolute property of Frank J. Mackay, the owner of the land.   R. S. 1899, sec. 8770; Empire Zinc Co. v. Freeman, 75 Mo. App. 524.   (2)   When it appears from the undisputed facts that there is not a change

of possession of property which is actual, open, notorious and unequivocal; and where it does not appear that the change of possession was continued, the mere marking of the property will be of no avail if there is no change of possession, and when it appears from the undisputed facts that there is no such change of possession, the court should, as a matter of law, declare the sale fraudulent, and sustain a demurrer to the evidence. Stewart v. Bergstrom, 79 Mo. 524; Wright v. McCormick, 67 Mo. 426; Harmon v. Morris, 28 Mo. App. 326; State ex rel. Cuomo v. Hall, 45 Mo. App. 303; Leeser v. Boekhoff, 38 Mo. App. 445; State ex rel. v. Goetz, 131 Mo. 680; Knoop ex rel. v. Nelson Distilling Co., 26 Mo. App. 303; R. S. 1899, sec. 3410; Revercomb to use v. Duker, 74 Mo. App. 574; Thomas v. Ramsey, 47 Mo. App. 94; Young v. Glasscock, 79 Mo. 577; Allen v. Richards, 83 Mo. 55; Springer v. Kleinsorge, 83 Mo. 152.

*Basom & Buckley* for respondent.

(1) Where a purchaser of chattels takes the same subject to a mortgage, the rule that notice of an unrecorded mortgage does not bind the purchaser does not apply. Mead v. Maberry, 62 Mo. App. 557. Clapp thus took this ore and thereby acquired no right to it. (2) The mortgage was good as to Cockran. Kendall v. Bain, 46 Mo. App. 581; Greer v. Bank, 128 Mo. 559; Benedict, etc., v. Jones, 64 Mo. App. 218. (3) Before appellant paid anything on this ore he was notified that it belonged to respondent. (4) Appellant's contention that this ore belonged to Frank J. Mackay, the owner of the land, is without foundation. R. S. 1899, sec. 8770; Empire Zinc Co. v. Freeman, 75 Mo. App. 524. (5) Respondent, having this ore as collateral for his debt, had a right to the possession of the same until the obligation was discharged, and could replevin or sue in conversion for the whole of it. Hellman v. Pollock, 47 Mo. App. 205;

McCandless v. Moore, 50 Mo. 511. (6) One converts another's property when he takes it guiltily or innocently. Waverly Co. v. St. Louis C. C., 112 Mo. 383; Moore v. Simms, 47 Mo. App. 182; Bank v. Metcalf, 40 Mo. App. 494.

SMITH, P. J.—This is an action which was brought to recover the value of an unspecified quantity of zinc ore alleged to have been converted by defendant, a corporation, to its own use. The case disclosed by the record seems to be about thus: The plaintiff, a banker, had loaned one Cochran, $271. The latter was operating a mine and had dug and placed in a bin situate on the lot in which the mining was being carried on, some twenty-five tons of zinc ore, and being unable to haul it to where it could be sold, he proposed to plaintiff to turn this ore over to him to get his money out of, and to this proposition the plaintiff assented. This agreement was entirely verbal. Immediately after such agreement was made Cochran went to Chicago from where he telegraphed the plaintiff to sell the ore and apply the proceeds to his account.

On the day Cochran made the above agreement with plaintiff and left for Chicago, he sold and assigned the mine to one Clapp. The latter immediately went into possession and proceeded to operate it, piling the ore he dug in the bin with that already there. It appears that Clapp was apprised of the plaintiff's claim to the ore in the bin, for soon after his purchase of the mine he inquired of plaintiff what disposition he was going to make of it. It further appeared that the plaintiff himself had previously had a lease on this mine, which he had assigned to Cochran who had assigned to Clapp. Under the assignment of plaintiff to Cochran, the latter had bound himself to pay the former fifty per cent of the gross receipts derived from the sale of ores mined by him, after all royalties had been paid until three thousand dollars should be paid, which should be in full of the purchase price of the lease. In the assignment of Cochran to Clapp it was provided that such

assignment was subject to the "terms contained in and for the consideration mentioned in the assignment of the plaintiff to said Cochran."

The fee of the lots, which were the subject of said lease and assignments, was in one Mackay, who reserved twenty per cent royalty net of all the ores mined thereon. It is to be inferred that the lease under which the said mining operations were carried on was but a mining license granted under the usual rules and regulations authorized by the statute. It appears further that after Clapp went into possession, he was granted by the agent of the mine owner the privilege of selling the ore contained in the bin, and that he accordingly sold the same to the defendant. The defendant was notified by the plaintiff of his claim to the ores so purchased of Clapp before payment of the purchase price.

The plaintiff had judgment in the trial court and the defendant appealed.

The appealing defendant disputes the validity of the plaintiff's title to the ore in controversy. It contends that the transaction between plaintiff and Cochran, even if a mortgage, was void as to it under section 8770, Revised Statutes 1899. It may well be questioned whether or not the transaction was either a mortgage or a pledge (Vanstone v. Goodwin, 42 Mo. App. 39; Roeder v. Green, 33 Mo. App. 71), or whether it even created the relation of debtor and creditor. But if we resolve every doubt in favor of the contention that it was a mortgage given for the security of an antecedent debt, still does it, under the evidence, establish in plaintiff such an interest as prima facie entitles him to a recovery as against the defendant? It is, of course, not pretended that the mortgage was recorded, and unless the possession of the ores, which were subject to it, were delivered and retained by the plaintiff as mortgagee, his claim, under the provisions of the statute just referred to, must fail.

The evidence nowhere shows that the plaintiff took pos-

session of the ores in any way. The most it shows is that Cochran told the plaintiff that he turned over the same to him—probably indicating or referring to the bin in such a way that it was understood what particular ore was meant to be affected by the transaction. Plaintiff allowed the same to remain where it was. He took no steps to apprise the community that any change in the title had taken place. He put no printed or written notice on the bin that it had been turned over to him or was in his possession. The possession seems to have passed along with the entire plant which was assigned by Cochran to Clapp. The latter used the bin in the same way and for the same purpose that Cochran had. The possession required under section 3404 is not different from that required by section 3410, Revised Statutes 1899. Under the latter it has been repeatedly declared that actual possession of the property must not only be taken within a reasonable time after the sale, but that the change must be continuous, open and notorious. State v. Goetz, 131 Mo. 675, and cases there cited; Faircloth v. Tinsley, 83 Mo. App. 586. In view of this rule we do not think that the evidence tends to prove that the bin of ore was placed in the possession of the plaintiff, or, if so, that such possession was retained by him so as to render the mortgage effectual to pass the legal title to plaintiff, as against the defendant.

Again, although the lots were held under a mining lease, the title to the ores undug was in Mackay, the owner of the fee, and not in the lessee Cochran (Arnold v. Bennett, just decided by us), and after it was dug it remained in the owner of the fee unless there was a special contract to that effect. Rochester v. Gate City, 86 Mo. App. 447. It does not appear that there was any contract under which Cochran or his assignor were invested with the title to the ores dug by them, but we may infer that the owner of the fee retained the title to the dug as well as the undug ores, for it appears that the permission of the owner of the fee, or that of his agent, was

necessary before a sale of the ore could be made. If this be so, as we think is the case, it is quite difficult to understand how the plaintiff could acquire any legal title to the ore even if the mortgage were a valid instrument. Under the assignment from the plaintiff to Cochran the former acquired no title whatever to the ore dug. He was thereunder only entitled to fifty per cent of the gross proceeds arising from the sale of such ores. How then can it be that he can claim title to any part of the ore in question under that instrument? We are utterly unable to discover that he derived any title to this ore either under the mortgage or the assignment made by him to Cochran.

Even if the defendant did purchase with knowledge of the existence of the so-called mortgage, it was void as to him. Mead v. Maberry, 62 Mo. App. 557, and cases there cited. But it is contended this rule is inapplicable in the present case, but in this we can not agree. The defendant did not, as in the case just cited, agree to plaintiff's mortgage claim, nor did it assume or recognize it, but on the contrary it ignored its existence. Nor does the assumption in the assignment of Cochran to Clapp extend beyond the payment of the fifty per cent royalty.

It seems to us that after all the transaction between plaintiff and Cochran was not a mortgage but an attempt to create a pledge, which failed because the ore was not placed in the actual possession of the plaintiff. Conrad v. Fisher, 37 Mo. App. 352; Vanstone v. Goodwin, ante; Staples v. Simpson, 60 Mo. App. 73; Casey v. Cavaroc, 96 U. S. 467.

Upon no theory warranted by the evidence are we able to discover that the plaintiff acquired any such title to the ore as would support this action. We think the trial court erred in declining to instruct the jury, at the instance of the defendant, that under the pleadings and evidence the verdict should be for it, and, therefore, it results that the judgment must be reversed. All concur.