OTTUMWA NATIONAL BANK, Appellant, v. TOT-
TEN; MADDEN, Interpleader, Respondent.

St. Louis Court of Appeals, October 2, 1905.

1. **PLEDGES: Attaching Pledgor's Interest.** The interest of a
pledgor in the property pledged is subject to a levy and sale
under execution or attachment; the pledgee himself may, by
attachment, levy upon the interest of the pledgor in the prop-
erty pledged to him and in his possession.

2. **INTERPLEA: Issue of Ownership.** The sole issue on the trial
of an interplea in an attachment suit is the ownership and right
of the interpleader to the property; and the interpleader in
such case must recover on the strength of his own title and not
on the weakness of his adversary's.

3. **PLEDGES: Interplea: Title.** Where a pledgee attached the in-
terest of the pledgor in the property pledged, and a mortgagee
of the same property interpleaded for it, it was competent for
the pledgee to prove that the pledge was prior to the mortgage
for the purpose of showing want of title in the interpleader.

4. **CHATTEL MORTGAGE: Description: Possession.** An insuf-
ficient description of the property intended to be covered by a
chattel mortgage is cured by the delivery of possession to the
mortgagee, as against a subsequent attachment levied upon the
property as that of the mortgagor.

Appeal from Clark Circuit Court.—*Hon. E. R. McKee,*
Judge.

REVERSED AND REMANDED.

*Berkheimer & Dawson* for appellant.

(1)    It is essential to the existence of a pledge that
the property be placed in the possession of the pledgee.
Storts v. Mills, 93 Mo. App. 201; Chitwood v. Lanyon
Zinc Co., 93 Mo. App. 225; Schoulter on Bailments and
Carriers (2 Ed.), sec. 188, page 199.   The description
of the property in the chattel mortgage was too uncer-

tain and vague to give notice to other purchasers and mortgagees. The description and recitals in the mortgage do not state where the property was at the time of the execution thereof. The only allegation with reference thereto is, "that the property is to be sold at the Folker farm in Clark county, Missouri, and that at the time of the execution thereof it was in possession of the mortgagor, Totten." (2) The plaintiff bank, by the rejected evidence as to who had the possession of the property, was unable to prove to the jury the recital in the mortgage that the property mortgaged was in the possession of the mortgagor at the time. Mackey v. Jenkins, 62 Mo. App. 618; Boseman v. Fields, 44 Mo. App. 432. (3) Again, the court can see the materiality of the evidence contradicting the fact that the mortgaged property was at the time of the execution of the Madden interpleader mortgage in the possession of the mortgagor, Totten. Jones Bros. Live Stock Co. v. Long, 80 Mo. App. 8. (4) The interpleader could not recover except on the strength of his own title to the property as in replevin, consequently the burden was on him to prove his title to the property in the first place and not to depend on the weakness of the title of his adversary. Scharf v. Meyer, 133 Mo. 428, 34 S. W. 858. And is in the nature of a replevin. Burgert v. Borghart, 59 Mo. 80; Houiser v. Beck, 55 Mo. App. 668; Hargadine, McKittrick Dry Goods Co. v. Carnihan, 83 Mo. App. 318. (5) A mortgage transfers the title, while a pledge merely transfers the possession of the property pledged. Meyers Bros. Drug Co. v. Self, 77 Mo. App. 284; Conrad v. Fisher, 37 Mo. App. 352. In a pledge the title of the goods remains in the pledgor. Richardson v. Ashley, 132 Mo. 238, 33 S. W. 806. The pawnor of a chattel has a vendible interest in it and may sell it subject to the pledge. Southworth Co. v. Lamb, 82 Mo. 242; Jordan v. Harrison, 46 Mo. App. 172. A purchaser of the property at execution or sale under attachment against the pledgor acquires his title subject to the lien of the

pledge. McClintock v. Central Bank, 120 Mo. 127, 24 S. W. 1052. It is essential to the existence of a pledge that the property be placed in the possession of the pledgee.

*Smoot, Boyd & Smoot* and *Whiteside & Yant* for interpleader.

(1) According to appellant's contention he had the right to elect between two inconsistent remedies. He chose the one by attachment. He cannot now shift his position and claim to have held the property as his own. Welch v. Carder, 95 Mo. App. 41; Boettinger v. Roehling, 74 Mo. App. 257; Ottumwa National Bank v. Totten, 94 Mo. App. 596. (2) The question is a question of election of remedies, and after the election was made the party is estopped to adopt or set up the other remedy he might have had at the beginning. Nanson v. Jacob, 93 Mo. 331; Estes v. Reynolds, 75 Mo. 563; Stoller v. Coats, 88 Mo. 514; Johnson Brinkman Com. Co. v. Railroad, 126 Mo. 344; and also authorities cited above. A description is sufficient when aided by the inquiry which it suggests to identify the property. National Bank v. Goodlow, 93 Mo. App. 123.

## STATEMENT.

The issue in this case arises on an interplea. The case was here before and is reported, Ottumwa National Bank v. Totten, 94 Mo. App. 596. The material facts in the present controversy are as follows: The Ottumwa National Bank brought its suit by attachment in the circuit court of Clark county against one George W. Totten, defendant, and under a writ of attachment the sheriff levied upon and seized as the property of Totten, four red cows, two Jersey cows, one black cow and one spotted cow, nine mules (two three-year-olds, one two-year-old and six spring mules), four three-year-old sorrel mares and one ten-year-old gray mare. At the April

term, 1900, of said court, Wm. L. Madden filed his interplea, claiming said property as his own, he having a chattel mortgage thereon and having been put into possession of the property by the mortgagor, Totten, before Totten became defendant in the attachment suit. The issues made upon this interplea were tried. The finding was for the interpleader. The court sustained a motion for new trial and an appeal therefrom was perfected to this court; where said action in sustaining the motion was affirmed, as will fully appear in Ottumwa Nat. Bank v. Totten et al., 94 Mo. App. 596, 68 S. W. 386.

The cause coming on a second time at the October term, 1902, of the circuit court, the plaintiff in attachment, the bank, filed an amended answer to the interplea, by which it first denied each and every allegation therein contained, and second, it alleged affirmatively that before and at the time of the execution of the chattel mortgage from the defendant in attachment (Totten) to the interpleader (Madden), on which mortgage the interplea is bottomed, the plaintiff in attachment (the bank) was in the actual possession of the property in suit, holding the same as a pledge to secure an indebtedness due from the defendant in attachment (Totten) to said bank, plaintiff in attachment. By replication, the interpleader denied that the bank held such property as a pledge at the time of the execution of his (interpleader's) mortgage. The issue thus made up was tried to a jury. It will be noted that there was no allegation or claim of fraud in connection with the chattel mortgage under which the interpleader claims title to the property.

The evidence tended to show that the attachment defendant (Totten) occupied the Ambrose Folker farm and was largely indebted to the bank, plaintiff in attachment; that Mr. Stephens, cashier of the bank, had been out on or about the farm occupied by Totten for several days looking after the bank's interest; that about this time or shortly before, Totten had shipped a part of a carload of cattle to Chicago, and his neighbor, Madden,

who is interpleader here, had shipped a few head in the same car. The bank, plaintiff in attachment, having learned that Totten had shipped, and holding a mortgage on Totten's stock, took possession of both Totten's stock and those of Madden contained in the car, asserting its right under its chattel mortgage, and collected the money for the sale thereof and credited the same on Totten's indebtedness. To make this good to his neighbor, Mr. Madden, Totten, on Friday night before the attachment, executed a chattel mortgage on the property hereinbefore mentioned, securing to the interpleader (Madden) the amount of money for which Madden's cattle were sold in Chicago and which was appropriated by the bank as Totten's money.

There is no controversy that the debt of Totten to Madden and the mortgage in connection therewith was not legitimate. The chattel mortgage mentioned was recorded on Saturday and on Sunday, Totten, the mortgagor, notified the interpleader, Madden, that he had better take possession of the property mentioned in the mortgage or that some one else would and he would lose his debt, and in fact, pointed out the stock and turned over possession thereof to the interpleader, Madden. This was on the same day but before the attachment was levied. While Madden and his hired men were driving the stock which had theretofore been turned into their possession by the mortgagor, Totten, from his farm along the public road to Madden's farm, the sheriff, with a writ of attachment against the property of Totten, overtook or intercepted him and seized the cattle, mules and horses mentioned as the property of Totten. Afterwards the plaintiff in attachment petitioned the court and obtained an order authorizing the sheriff to sell said property under the statute, which has been done and the proceeds thereof remains in the hands of the sheriff. The attachment has been sustained and final judgment on the merits entered against defendant in attachment, Totten.

On the trial in the circuit court, the trial judge held the parties to the issue of identity of the property and tried the case upon the theory that if the property levied upon was the identical property upon which the interpleader had the mortgage, then the interpleader should recover. All of the rulings of the trial judge upon the objections to testimony as well as instructions to the jury proceeded upon this theory. The plaintiff in attachment sought to prove that at the time the chattel mortgage was executed by Totten to Madden, the interpleader, the said property mentioned in the mortgage was in the possession of the bank through its agent and cashier, Mr. Stephens, who was then and had been for several days on or around Totten's farm and that said property was being held by Stephens under an arrangement with Totten, defendant in attachment and mortgagor to Madden, as a pledge to secure certain indebtedness owing by Totten to the bank, and not as mortgagee in possession under the mortgage which the bank held against certain of Totten's property. The court refused to permit any evidence of the alleged pledge to go to the jury. The court also refused instructions asked by appellant along the same line, to which exceptions were saved by appellant.

As said above, the court held that the only issue in the case was the identity of the property. The plaintiff in attachment, also by numerous and timely objections, challenged the sufficiency of the description of the property in the mortgage to interpleader Madden. The jury returned a verdict for the interpleader, upon which judgment was entered and after unsuccessful motions for new trial and in arrest, the plaintiff in attachment brings the case here for review, complaining that the circuit court erred in refusing to permit it to show that it held possession of the property as a pledge at the time of the mortgage to Madden and also that the description in the chattel mortgage was insufficient as against the

appellant. The assignments will be noticed in their order.

NORTONI, J. (after stating the facts).—The respondent argues that inasmuch as the bank attached the identical property in suit, and by said attachment affirmed the right of property therein to be in the attachment defendant, Totten, that it is thereby estopped from saying and maintaining on the trial of the interplea that it was holding said property at the time of the execution of the mortgage to the interpleader as a pledge from Totten. We do not think the fact that appellent was holding the property as pledgee of Totten would preclude appellant from attaching the property so held by it as pledgee. The two acts are in nowise inconsistent, but on the contrary, both affirm or recognize the right of property in Totten. By the attachment against Totten, appellant affirmed the right of the property levied upon to be in him, and by holding the property levied upon as a pledge from Totten, prior to and at the time of the attachment, appellant admits and is estopped from denying the superior right in Totten, the pledgor, subject, of course, to the lien of the pledge.

The law is universal that the pledgor of personal property still retains ownership of the goods, qualified, of course, by the rights of the pawnee. The pledgee, by taking the goods into his possession, becomes a lienor to the extent of the debt for which he holds the goods as security. The interest of the owner or pledgor is a vendible property interest, subject to the pledge, and is as much a proper subject of attachment and levy of execution against the owner as any other property rights of the proprietor. [Southworth & Co. v. Lamb, 82 Mo. 243; Richardson v. Ashby, 132 Mo. 238, 33 S. W. 806; Jordan v. Harrison, 46 Mo. App. 172.]

Drake on Attachments (7 Ed.), sec. 35, states the rule on the subject thus: "The right of a creditor to sue his debtor by attachment is not impaired by his holding

collateral security for the debt. The Supreme Court of Massachusetts once held that a creditor who had received personal property in pledge for the payment of a debt could not attach other property for that debt, without first returning the pledge; but this position was afterwards repeatedly overruled by that court. And a mortgagee of personal property may waive his rights under the mortgage, and attach the mortgaged property to satisfy the mortgage debt, even after he has taken possession of it under the mortgage."

The question of liability of the property rights of the pledgor in the property pledged to levy of execution and attachment is not identical with the like question arising by virtue of a chattel mortgage when the mortgagee is in possession of the goods under the mortgage, as under a chattel mortgage the law is well settled that after condition broken the mortgagor is no longer the proprietor, as the proprietary rights of the property involved pass by virtue of the breach of the condition of the mortgage from the mortgagor and vest in the mortgagee; therefore, there is no property right of which the mortgagor is proprietor on which a writ may be successfully levied, and for the mortgagee to assert title in himself because of condition broken, would be inconsistent with the assertion of title in the attachment defendant by attaching the goods as the property of such defendant. The law regards the mortgagee in possession of the goods under the mortgage as the owner thereof and will not permit him to hold the goods in one hand under the mortgage as the owner, and with the other, point to the attachment defendant as the proprietor; and it was upon this principle that the cases of Boettger v. Roehling, 74 Mo. App. 257, and Ottumwa National Bank v. Totten, 94 Mo. App. 596, were decided. Those cases are distinguishable, as above indicated, from the phase of the case at bar now presented.

The case of the pledge is different, however, in that the pledgor retains the right of proprietorship in the

property pledged, subject only to the lien of the pledgee; and whatever rights he may have, subject to the lien, are liable to levy and sale under execution or attachment under the same rules as other property rights. The law does not treat the pledgee as the owner of the property from the mere fact that he is in possession of the pledge because to make the pledge valid in law, the pledgee must be in possession thereof as security for his debt. That there must be a placing of the pledgee in possession of the property pledged in order to make the pledge valid and binding in law, is too well settled to require the citation of authorities. It is a primary fact that possession of the pledged property must be transferred to the pledgee, for this is the very essence of the transaction. [Storts v. Mills, 93 Mo. App. 201; Chitwood v. Zinc Co., 93 Mo. App. 225; Staples v. Simpson, Admr., 60 Mo. App. 73; Vanstone v. Goodwin, 42 Mo. App. 39.] The pledgee may bring attachment against the pledgor and attach whatever remaining rights the pledgor has in the property, and by continuing to hold the pledge and attaching, he does not assert title in himself and the pledgor both, but he does assert title in the pledgor and a lien thereon in himself, where as the mortgagee in possession is the owner; and for him to attach the mortgaged property as the effects of the mortgagor, when he himself was in possession as owner, would be inconsistent and in so doing he renounces and waives his right under the mortgage.

It is the office and purpose of the interplea to try and determine the title and ownership to specific chattels and the right of the sheriff to seize and hold them under his writ as the property of the attachment defendant. The sole issue thereon is the question of ownership, and of course, as ownership is usually accompanied with the right of possession, the right of possession is incidentally tried and determined. This is true to such an extent that in the case of Burgert v. Borchert, 59 Mo. 80, it was spoken of as a statutory replevin engrafted upon a suit

by attachment, and has been so treated by the courts of this State ever since. The proceeding is so much of a substitution for the action of replevin that after its judicial determination the interpleader cannot resort to the action of replevin for the same property. The question of ownership being the issue on trial in this proceeding, and the interpleader asserting ownership in himself, he must, of course, as in replevin, recover upon the strength of his own title and not upon the weakness of his adversary's. [Beck v. Wisely, 36 Mo. App. 239; Reeves v. Barker, 26 Mo. App. 487; Brownwell, etc., Car Co. v. Barnard, 139 Mo. 142, 40 S. W. 762; Scharff v. Meyer, 133 Mo. 428, 34 S. W. 858; Nolan v. Deutsch, 23 Mo. App. 1; Cahill, etc., Co. v. Ely, 55 Mo. App. 102; Hellman & Co. v. Pollock & Co., 47 Mo. App. 205; First National Bank v. K. C. Lime Co., 43 Mo. App. 561.] As the sole issue on the interplea is the ownership and right of the interpleader to the property, it would be competent then for the plaintiff in attachment, in defending against the asserted right of the interpleader, to show anything which would tend to overthrow his right or title to the property. The interpleader in this case predicated his right wholly upon the mortgage from Totten to him and the resultant possession of the property which Totten turned over to him under said mortgage at a time, as claimed by the plaintiff in attachment, when Totten had no right to mortgage or turn over possession of the property because of the prior pledge thereof to the plaintiff bank, therefore, if the bank could show these facts to be true, they would certainly overcome the right of the interpleader to the property.

The attempted showing on the alleged pledge to plaintiff bank in this case went to the very essence of the alleged title of the interpleader. The proffers of proof were to the effect that the cashier, as agent of the plaintiff bank, then and there had possession of the property involved under a prior arrangement with Totten whereby the property was pledged to the bank for a suf-

ficient consideration. This proof should have been admitted. It is, of course, needless to say that if the bank was holding the stock as a pledge at the time, the pledgor, Totten, could convey no title to the interpleader other than that which he himself had, and that was subject to the pledgee's lien. The pledgee, then, having a superior right to the possession of the property, it was competent to prove this in order to show that the interpleader had none. It was competent to prove the pledge, not to show title in the plaintiff bank, but to show want of title in the interpleader. The court erred in its ruling that the identity of the property was the only issue. What has been here said applies as well to the instructions on this theory of the case which were requested by appellant and refused by the court.

The further question in the case contended for by the appellant is that the description in the mortgage to the interpleader is insufficient as against the plaintiff in attachment. When this case was here before Judge BLAND, in the opinion, said: "There is some question as to the sufficiency of the description in Madden's mortgage. The description is somewhat vague and indefinite. Its sufficiency may depend somewhat upon extraneous facts." We can say as much again; but upon a retrial of the cause, the proceedings of which are now under consideration, it seems that extraneous facts alluded to by the learned judge in the prior opinion, have been supplied in the record sufficiently to eliminate the question of insufficient description from further consideration. Inasmuch as the evidence all shows, and about which there is no controversy, that the property mentioned in Madden's mortgage was actually pointed out and delivered to Madden by his mortgagor, Totten, before the attachment in this case was levied, and that Madden was in possession thereof, in the public road, conveying the same to his farm, before and at the time of the levy, and therefore prior to the intervention of the rights of plaintiff bank as attaching creditor, the question is not open

here. The actual delivery by the mortgagor of the chattels mortgaged to the mortgagee prior to the attachment cures the matter of insufficient description if it be insufficient, and it is not a question in this case.

On this question, the Kansas City Court of Appeals, in the course of the opinion in the case of Springfield Engine & Threshing Co. v. Glazier, 55 Mo. App. 100 said:

"It has been decided that, when a mortgage was fatally defective but possession was delivered to the mortgagee before the rights of third parties had attached, that such third party could take no advantage of the faulty description. [Bank v. Sargent, 20 Kan. 576.] Delivery cures defects in description. [Cobby on Chattel Mortgages, sec. 187; Morrow v. Reed, 30 Wis. 81.] So it often has been held in other jurisdictions that possession taken by the mortgagee with the mortgagor's assent before the rights of third parties intervene, cures defects in description and is an identification of the property. [Frost v. Bank, 68 Wis. 234; Morrow v. Reed, 30 Wis. 84; Williamson v. Steel, 3 Lea 530; Stephenson v. Tucker, 14 N. J. 600; Cameron v. Marvin, 26 Kas. 624; Frank v. Miner, 50 Ill. 444.] And a similar rule has been repeatedly recognized in this State. [Wood v. Hall, 23 Mo. App. 110; Moser v. Claes, 23 Mo. App. 420; Nash. v. Norment, 5 Mo. App. 545; Greeley v. Reading, 74 Mo. 309; Petring v. Chrisler, 90 Mo. 649; Dobyns v. Meyer, 95 Mo. 132.] And a delivery to a third person for the mortgagee's use is a good delivery if accepted by the mortgagee. Delivery to an agent is as effective as a delivery to the mortgagee. [Cobby on Chattel Mortgage, sec. 508; Jones v. Swayze, 42 N. J. L. 279; McPartland v. Read, 11 Allen 231.]"

For the reasons above stated, the judgment is reversed and the cause remanded. All concur.