F. M. JACKSON, Respondent, v. JOSEPH W. BURGESS, Appellant.

**Kansas City Court of Appeals, May 16, 1910.**

**CHATTEL MORTGAGE: Possession.** If a vendor takes a chattel mortgage of the vendee to secure the purchase price of goods, and renders the mortgage invalid by agreeing that the vendee may remain in possession and sell in usual course of trade, yet if he takes actual possession before a levy of a writ of attachment, his lien is superior to that of the writ.

Appeal from Jackson Circuit Court.—*Hon. John G. Park,* Judge.

AFFIRMED.

*Haff & Michaels* and *W. C. Walker* for appellant.

(1) Defendant's demurrer to plaintiff's evidence should have been sustained. Scott v. Riley, 49 Mo. App. 251; Commission Co. v. Hunter, 91 Mo. App. 436; Blackman v. Welch, 44 Mo. 45; Bank v. Powers, 134 Mo. 446. (2) Plaintiff's instruction number 1 was erroneous. It failed to state the rule as to what would make a mortgage fraudulent. Bullene v. Barrett, 87 Mo. 185; State to use v. Tasker, 31 Mo. 447; Barton v. Sitlington, 128 Mo. 172; Heisey v. Goodwin, 90 Mo. 366. (3) Defendant's instruction number 2 correctly declared the law and should have been given. Bullene v. Barrett, 87 Mo. 185; Barton v. Sitlington, 128 Mo.

164; Eby, Dowden & Co. v. Watkins, 39 Mo. App. 27; Mfg. Co. v. Jenkins, 47 Mo. App. 664; Shoe Co. v. Gallant, 53 Mo. App. 423; Etheridge v. Sperry, Watt & Garner, 139 U. S. 266, 35 L. Ed. 171.

*Pierre R. Porter* for respondent.

(1) Where exception to the refusal of defendant's peremptory instruction is not preserved in his motion for a new trial, it is waived. Jennings v. Kansas City, 105 Mo. App. 677; Waters v. Jackson, 98 Mo. App. 324; Fullerton v. Carpenter, 97 Mo. App. 197; Bank v. Pezoldt, 95 Mo. App. 404. (2) The fraudulent character of the mortgage, if any, was wholly immaterial. Greely v. Reading, 74 Mo. 309; Bank v. Totten, 114 Mo. App. 97; Engine Co. v. Glazier, 55 Mo. App. 100; Nash v. Torment, 5 Mo. App. 545.

ELLISON, J.—This is an action in replevin, in which plaintiff prevailed in the trial court.

It appears that the United States Water and Steam Supply Company attached a lot of plumbing supplies as the property of C. O. and A. J. Hoffman. Plaintiff claimed them as his and instituted this action against defendant who was the constable who executed the attachment.

The evidence tended to show that the Hoffmans were indebted to plaintiff for part of the purchase price of the property in controversy, and executed to him a chattel mortgage on the property to secure the debt. There was, however, evidence in defendant's behalf tending to show that there was an understanding between plaintiff and the Hoffmans at the time the mortgage was executed, that the latter might remain in possession and sell at retail. But there was likewise evidence in plaintiff's behalf that the property was turned over to the actual possession of plaintiff, and

that it was in his possession when the attachment was levied.

We may concede to defendant that if the Hoffmans gave a mortgage on the goods to the plaintiff for the purchase price with the understanding that they were to remain in possession and sell at retail without accounting to plaintiff for the proceeds, the mortgage was fraudulent as to the attachment creditors, though the debt itself was valid. But if before an attachment was levied, the property was taken into the actual possession of plaintiff, it gave him a valid lien thereon and he had a right to the possession to the exclusion of the attachment creditors. [Greeley v. Reading, 74 Mo. 309; Ottumwa Nat. Bank v. Totten, 114 Mo. App. 97.]

We have, therefore, only to look to the ruling of the court on the instructions. Defendant's instruction in the nature of a demurrer really need not be considered, since it was not made a matter of error in the motion for new trial. Attorneys for defendant on this appeal were not in the case in the trial court. However, the record makes it clear that it was properly refused. The instruction for plaintiff merely submitted the hypothesis that if the Hoffmans, in good faith, turned over to plaintiff the actual possession of the goods on account of the debt owing to him, and that this was done before the levy of the attachment, it took precedence of such writ. This, as we have stated, is the law. The objections thereto made by defendant are hypercritical.

Passing by any objection made by plaintiff as to whether defendant's exception to the refusal of his instruction which he has designated as number 2 in his abstract, can rightfully be noticed by us, and giving consideration thereto, we find it was properly refused. It peremptorily directs a verdict for defendant if, at the time the mortgage was executed, plaintiff and Hoffmans agreed the latter should remain in possession and

sell, and that they did so. As already stated, it might be conceded that that understanding was had and for a time carried out, yet, if afterwards, and before the seizure under the attachment, plaintiff took actual possession, his lien, as we have said, is superior to the attachment. There was abundant evidence tending to show the latter situation and yet it is ignored by the instruction refused.

We notice the point made that the mortgage itself was not introduced in evidence. Plaintiff insists that it was. The bill of exceptions as abstracted by defendant does not show it, but defendant does not present an abstract showing the bill entire. He only presents "the substance" of the bill. In such circumstances we are not authorized to say the mortgage was not in evidence. However, in point of fact, it was treated as being in evidence and was constantly referred to by witnesses on either side. And, furthermore, the case finally turned altogether on the question of fact whether plaintiff took actual possession before the levy of the attachment, and the jury have answered that he did, and as there was evidence upon which such a finding could well be based, we must affirm the judgment.

All concur.