GERTRUDE SEAGO, Respondent, v. PAUL JONES REALTY COMPANY, Appellant.

St. Louis Court of Appeals, November 3, 1914.

1. INSTRUCTIONS: Function: Abstract Questions and Questions of Law. The proper office of instructions is to submit·questions of fact and not mere propositions of law, and hence it is not error to refuse an instruction which merely charges on an abstract rule of law without requiring a finding of fact touching its application.

2. ———: Abstract Questions and Questions of Law: Constables. In an action for wrongful ejection from a building,˙ the trial court struck out of an instruction requested by defendant, which charged that, unless the constable who ejected plaintiff acted as the agent of defendant, plaintiff could not recover, the further statement that the constable did not become the agent of defendant by the latter's requesting that he perform a duty already imposed upon him by law. *Held,* that the portion struck out was sound enough, as an abstract statement, but, nevertheless, the court did not err in striking it out, since it did not advise the jury concerning what duties were imposed upon the constable by law nor as to what concrete facts the legal proposition asserted was applicable.

3. DEFINITIONS: "Wantonly:" "Carelessly." "Wantonly" implies disregard of the rights of others, as where a thing is recklessly done; malice not being essential. "Carelessness" means without care.

4. DAMAGES: Punitive Damages: Instructions: "Wantonly." In an action of trespass, where punitive damages were claimed

because the trespass was wanton, an instruction defining the term "wantonly" as recklessly *and* carelessly, without regard to the legal rights of another, is not erroneous because of the use of the word "carelessly," since one who acts carelessly *and* recklessly, without regard to the legal rights of another, acts wantonly.

*Held*, by REYNOLDS, P. J., concurring, that "wantonly" does not mean "recklessly and carelessly;" that "causelessly" should have been used in place of "carelessly;" but that the error was harmless.

Appeal from St. Louis City Circuit Court.—*Hon. Hugo Muench*, Judge.

AFFIRMED.

*Wilkins Jones* and *Blodgett & Rector* for appellant.

(1) The court erred in refusing to give and read to the jury defendant's instruction number 1 and erred in modifying same. Kennedy v. Railroad, 36 Mo. 351; Jones v. Berry, 37 Mo. App. 125; Howell, Jewett & Co. v. Carryl & Co., 50 Mo. App. 441. (2) The court erred in giving and reading to the jury plaintiff's instruction number 6. McKeon v. Railroad, 42 Mo. 79; Pruitt v. Cheltenham Quarry Co., 33 Mo. App. 18; Lewis v. Jannopoulo, 70 Mo. App. 329. (3) The court erred in allowing plaintiff to recover punitive damages. Hull v. Sumner, 12 Mo. App. 581; Pruitt v. Cheltenham Quarry Co., 33 Mo. App. 23; Lewis v. Jannopoulo, 70 Mo. App. 329; Hoffman v. Gill, 102 Mo. App. 320; Summers v. Keller, 152 Mo. App. 329; McKeon v. Railroad, 42 Mo. 79; State v. Jungling, 116 Mo. 165; Conrad v. The Pacific Ins. Co., 6 Pet. 268.

*Claud D. Hall* for respondent.

(1) The action of the court in modifying, and giving defendant's instruction number one, as modified, was proper. (a) The part stricken out left a

legal question to the jury. Albert v. Besel, 88 Mo. 150; Hickey v. Ryan, 15 Mo. 63. (b) The part stricken out was a mere abstract proposition. Coleman v. Railroad, 36 Mo. App. 476; McLain v. Winchester, 17 Mo. 49; Warder v. Seitz, 157 Mo. 140; Turner v. Loler, 34 Mo. 61. (2) Plaintiff's instruction number six was proper. (a) The definition of "wantonly" was proper. Herman v. Owen, 42 Mo. App. 387; National Folding Box Co. v. Robertson's Estate, 125 Fed. 528; Trauerman v. Lippincott, 39 Mo. App. 478; Wright v. Clark, 50 Vt. 130; Western Union Telegraph Co. v. Lawson, 66 Kans. 660; Everett v. Receivers of Richmond Railroad, 121 N. C. 519; Welch v. Dimond, 36 Conn. 182; Railroad v. John's Adm., 155 Ky. 159. (b) The case was a proper one for the allowance of exemplary damages. Central Coffee and Spice Co. v. Welborn, 153 Mo. App. 647; Trauerman v. Lippincott, 39 Mo. App. 478; Wamsganz v. Wolff, 86 Mo. App. 205; McBeth v. Trabue, 69 Mo. 642.

NORTONI, J.—This is a suit for damages accrued on account of a trespass on the part of defendant. Plaintiff recovered both actual and punitive damages, and defendant prosecutes the appeal.

Defendant, an incorporated company, is engaged in the real estate business in St. Louis, and plaintiff, desiring to rent the residence numbered 3032 Locust street, communicated the fact to defendant on March 21, 1912. One Gough was then a tenant in the property, but had defaulted in the payment of rent, and defendant had brought suit against him for possession of the premises and recovered a judgment therefor in a court of a justice of the peace. It seems that execution had been issued on the judgment against Gough and defendant expected to obtain possession of the premises through the ouster of Gough on Saturday, March 23. These facts were discussed, it is said, between plaintiff and the president of defendant

real estate company, whereupon an agreement was reached through which plaintiff rented the property at the stipulated price of $45 per month, plaintiff's term to commence as soon as possession could be had, but she paid $20 on the rental at that time and took a receipt therefor.

The evidence for plaintiff tends to prove that she had purchased the household goods of Gough, the then tenant in the residence, and intended to maintain and conduct a rooming house there. It was agreed that, as soon as Gough be dispossessed, plaintiff should immediately take possession. Plaintiff says she communicated a second time with the president of defendant company on March 22 and urged that possession be given as soon as possible. On the occasion of this conversation, she stated a second time that she had purchased the furniture in the residence and requested that it be not disturbed. Plaintiff says she saw the president of defendant company in its office on Saturday morning, March 23, and inquired when Gough would be out of the premises and that defendant's president said to her he thought he could get him out by ten o'clock that morning and that plaintiff could take possession immediately thereafter. Plaintiff says she then told defendant's president again that she had purchased the furniture in the premises and did not want it moved out; that, in response to this, defendant's president said: "All right, I will see about that; I have a man out now seeing about that, and you either call back here or ring me up about ten o'clock and I will let you know and you can get the keys and take possession."

About ten o'clock on the same day, Saturday, March 23, according to the evidence of plaintiff, she telephoned to the president of defendant company that Gough, the former tenant, was out of the premises and that all of his property that remained therein was a trunk and requested that defendant send some

one out to collect the balance of the rent so she could take immediate possession. In this conversation it is said the president of defendant company stated that he could not send anyone out at that time, but that it would be satisfactory for plaintiff to get the keys from Essick, take possession at that time, and call at defendant's office and pay the balance of the rent the following Monday. Plaintiff says she then procured the keys from Essick and took possession as instructed by defendant. About the same time in the morning, McConnell, a deputy constable, came with a writ for the purpose of ejecting Gough, the former tenant, and he was informed that Gough had quit possession and had sold the furniture to plaintiff. Plaintiff informed the deputy constable that she had purchased the household goods and rented the premises and exhibited her receipt for a payment on the rent to him. Thereupon the deputy constable returned to his office and informed his superior officer of the situation. Between one and two o'clock in the afternoon of the same day, McConnell, the deputy constable, received the following written instruction from defendant, which, it appears, was left at the constable's office by Mr. Topping, having charge of the rental department for defendant: "Execute the within writ; we want possession of the property, 3032 Locust street, in accordance with judgment. Paul Jones Realty Co., per H. V. Topping, St. Louis, Mo., March 23, 1912." McConnell, the deputy constable, says he returned to the premises and commenced removing the furniture under these instructions. It was raining at the time and the household goods were carried out into the yard and permitted to stand in the rain and subsequently the snow, for a snow visited the community that evening. At the time the constable commenced removing the goods from the house, plaintiff was absent on an errand but returned about four o'clock in the afternoon and insisted to the deputy constable that her rights were being in-

vaded.   McConnell called up defendant's office and was instructed, as he says, to go ahead and remove the goods from the house but referred to the president or defendant whom he subsequently called up over the telephone at his home.   After a second conversation with him, the deputy constable was instructed to desist and not to proceed further in the matter.   He was requested, too, by defendant to remove the goods back into the house but declined to do so and they remained outside in the rain and snow for several hours.

The evidence on the part of defendant tends to prove that, while defendant knew plaintiff had purchased the household goods in the residence, she had not been authorized to take possession at the time complained of.   It is conceded that the evidence is amply sufficient to support the verdict, but defendant complains that the court erred in modifying the following instruction requested by it and giving the same as modified:

"On the other hand, the court instructs the jury that unless you find from the evidence that the constable or his duly authorized deputy acted as the agent of the defendants in taking possession of the premises known as 3032 Locust street in the city of St. Louis, State of Missouri, and evicting plaintiff therefrom, you cannot find a verdict for the plaintiff. *In this connection the court further instructs you that the constable or his deputy does not become an agent or servant of the defendant by defendant's requesting that he perform a duty already imposed on him by law.*"

As the trespass complained of consists in the removal of the goods from the house to the yard by the deputy constable under the direction of defendant, it is argued the court erred in modifying the instruction by striking out the latter clause thereof which appears in italics.

After striking out these words, the court gave the instruction as it then stood without them.   The in-

struction as given is the converse of one given on the part of plaintiff and reveals that it required the jury to find the constable acted as the agent of defendant before affixing liability against it.   The instruction as given was well enough, and the court did not err in eliminating therefrom the portion italicized.   The proposition asserted in the words stricken out is to the effect that the constable or his deputy did not become an agent of defendant by defendant's requesting that he perform a duty already imposed upon him by law.   As a proposition of law, this portion of the instruction is sound enough, but it amounts to nothing more than abstract law which would rather tend to confuse than enlighten the jury.   The jury was in nowise advised in this instruction concerning the duty imposed on the constable or his deputy by the law, and the facts to be found by it in order to determine to what the words pertaining to this duty related. The proper office of an instruction under our practice is to submit questions of fact to the jury and not mere propositions of law.   This being true, error may not be successfully assigned on the action of the court in refusing to charge the jury on an abstract rule of law without requiring a finding of fact touching its application.   [Albert v. Besel, 88 Mo. 150.]

There is an abundance of evidence in the case tending to support the finding of punitive damages, but defendant argues the court erred in the form of the instruction submitting this matter for consideration.   The instruction complained of is as follows:

"If the jury find a verdict in favor of the plaintiff, and that plaintiff is entitled to any actual damages by reason of matters complained of by plaintiff, and if the jury find that the trespass, if any, of the defendants and the removal of plaintiff's goods from the premises mentioned in the evidence, if were so removed, was done maliciously or wantonly by the defendants or their agent or agents, then you may allow

the plaintiff in addition to the actual damages sustained by her such exemplary or punitive damages as the jury may believe from all the circumstances in the case to be a just and reasonable punishment for the malicious or wanton acts of the defendant, if any, and as a warning to others, similarly inclined, to refrain from like acts in the future.

"And the court instructs you that the word 'wantonly' as used in the plaintiff's petition and in these instructions, means recklessly and carelessly, without regard to the legal rights of the plaintiff.

"Should the jury assess any sum by way of punitive damages as aforesaid, then such finding should be separately stated in their verdict."

The particular portion of the instruction complained of is that purporting to define the word "wantonly" as follows: "And the court instructs you that the word 'wantonly' as used in the plaintiff's petition and in these instructions, means recklessly and carelessly, without regard to the legal rights of the plaintiff." There can be no doubt that the word "wantonly" implies disregard of the rights of others, as recklessly done. [See the Standard Dictionary.] But the word "carelessly," included in the definition set forth in the above instruction, is complained of as being inappropriate. Carelessly, of course, means without care, and as it is employed in this instruction, it seems to be connected with the word recklessly by the conjunction "and," for the instruction informs the jury that the word "wantonly" "means recklessly and carelessly, without regard to the legal rights of the plaintiff." Obviously one who acts carelessly and recklessly, without regard to the legal rights of another, is to be considered as acting wantonly. In other words, it is not essential that one shall act maliciously to render his conduct susceptible of being characterized as wantonly, if it appear he was careless and reckless of the rights of another. It is said a person may be

regarded as acting "wantonly" who acts without regard to propriety or the rights of others, or is careless of the consequences, and yet without settled malice. [National Folding Box & Paper Co. v. Robertson's Estate, 125 Fed. 525.]

We see no reversible error in the record and the judgment should be affirmed. It is so ordered. *Allen, J.,* concurs.

*Reynolds, P. J.,* concurs in the result as follows:

"I agree to the result, but cannot agree that "wantonly" means recklessly and *carelessly.* "If one intentionally does a wrongful act and knows at the time that it is wrongful, then he does it wantonly, by which word I understand is meant, causelessly without restraint and in reckless disregard of the rights of others." [Judge Ellison, in Trauerman v. Lippincott, 39 Mo. App. 478, 1. c. 488.] [See, also, Black, Law Dictionary (2 Ed.), p. 1217.] I think that the use of the word "carelessly" instead of the word "causelessly," was an error, but harmless, and therefore am prepared to agree and do agree to the result arrived at by my Brother NORTONI."