EMIL STRAUEL, Respondent, v. G. A. LUBELEY. Appellant.

**St. Louis Court of Appeals. Submitted on Briefs December 10, 1914. Opinion Filed January 5, 1915.**

1. **TRESPASS: Forcible Entry into Room: Remedy of Tenant.** An action, by one who had been in peaceable possession of a room rented to him by the tenant of the house, against an agent of the owner, for breaking into his room and removing his property therefrom, is an ordinary action for trespass, and hence the point made by defendant, that plaintiff's sole remedy was by an action for forcible entry and detainer in a justice's court, under Sec. 7656, R. S. 1909, was untenable.

2. ————: ————: **Punitive Damages.** Where an agent of the owner of a house, after unsuccessfully attempting to get a constable to do so, entered a room occupied by plaintiff, who had rented it from a former tenant of the entire house and was in peaceable possession of it, and removed plaintiff's property therefrom, it was proper to authorize the jury to assess punitive damages against him, if they found that he acted wantonly and maliciously.

Appeal from St. Louis County Circuit Court.—*Hon. John W. McElhinney,* Judge.

AFFIRMED.

*Richard F. Ralph* for appellant.

(1) *Trespass quare clausam fregit* is a form of action which lies to recover damages for injury to the realty, consequent upon entry without right upon the

Strauel v. Lubeley.

plaintiff's land. Bouvier's Law Dictionary, page 610. The common law affords no civil remedy against a person having a right, who enters forcibly but the injured party must appeal to the statutory action of forcible entry and detainer. Levy v. McClintock, 141 Mo. App. 593; Fuhr v. Dean, 26 Mo. 116; Krevet v. Meyer, 24 Mo. 107. The whole scope and theory of the law of forcible entry and detainer is to prevent men from attempting vindication of their rights with their own hands. Craig v. Donnelly, 28 Mo. App. 351. (2) Section 7883, R. S. 1909, relating to notice to tenants at will, etc., does not give a tenant holding over, a right to notice to quit. Benfey v. Congdon, 40 Mich. 283; Allen v. Carpenter, 15 Mich. 25; 2 Tiffany, Landlord & Tenant, page 1432; Vol. 1, (1910 Ed.), page 153.

*F. W. Brooks* for respondent.

Plaintiff was entitled under the statute, being a tenant at sufferance, to one month's notice of the landlord's intention to terminate his tenancy. A tenancy at will or by sufferance or for less than one year, may be terminated by the person entitled to the possession by giving one month's notice in writing to the person in possession requiring him to remove. All contracts or agreements for the leasing, renting or occupation of stores, shops, houses, tenements or other buildings in cities, towns or villages, not made in writing signed by the parties thereto or their agents, shall be held and taken to be tenancies from month to month, and all such tenancies may be terminated by either party thereto or his agent giving to the other party or his agent, one month's notice in writing of his intention to terminate such tenancy. Section 7883, R. S. 1909. A tenancy at sufferance can be terminated only after statutory notice. Tarlotting v. Bokern, 95 Mo. 541. In the case at bar under the evidence, the plaintiff was entitled to an instruction for punitive damages. Wamsganz v. Wolf, 86 Mo. App. 205.

REYNOLDS, P. J.—Plaintiff, averring that he was in the peaceable, quiet and lawful possession of the premises described, to-wit, a room in a one-story four-room frame building on Meramec Station road, in St. Louis county, and that the defendant, without leave or authority of law, wilfully, maliciously, wrongfully and forcibly, broke into and entered the room in the house occupied by plaintiff and cast out and carried away out of the rooms of the house all of plaintiff's furniture, wearing apparel, goods, wares and merchandise alleged to be of the value of $475, claims damages by this act for the value of the goods so removed in the sum of $475, and $500 exemplary or punitive damages.

The answer, after a general denial, sets up that the premises described were part and parcel of the estate of Timmerman, deceased; that under the provisions of his will, his trustee was given the care, custody and possession of the premises, and at the time mentioned in the petition this trustee was entitled to the lawful possession of the premises and the right of entry thereon; that defendant in this action was at the times mentioned the duly authorized and acting agent of the trustee in the care, control and custody of the premises and as such was entitled to lawful possession, control and custody of them and the right of entry thereon, and that plaintiff was not at any of the times mentioned either in the lawful possession or entitled to the same but was a trespasser.

There was a reply to this, denying the averments of the answer.

At a trial before the court and a jury, there was evidence tending to prove that one Behring had rented the house, of which this room was a part, from the trustee of the estate, the property belonging to the estate of one Timmerman, father of the trustee; that a son of the trustee was the agent of the grandfather and had authority from the grandfather to rent out these premises and collect the rent; that he had rented

them to Behring, who had sublet the rooms to different parties, among others subletting the room in controversy to the plaintiff, who moved into the room on the first of April, 1910, continuing to live there until the 28th of June, 1911. It seems that Behring had vacated and thrown up his tenancy, leaving plaintiff in possession of the room. Plaintiff was to pay Behring a monthly rental but it does not appear that he had paid much, if any, rent, nor, in point of fact, that rent had been demanded of him. Nor was there any evidence of a demand for possession of the room made upon plaintiff at any time by any one. The evidence further tends to prove that plaintiff, who worked out during the day and occupied the room at night, having his clothing and some furniture in it, returned from his work on the evening of the day of the alleged trespass and found the door locked. That was at night or late in the evening and plaintiff appears to have gone to some other place to sleep that night. Returning the next day to the premises, he found the door of the house locked, and looking through a window he found that all of his property had been taken out of the room. He subsequently found that a part of it had been placed on the lot outside of the building and upon examining it, found that various articles which he testified had been in the room, such as wearing apparel, his naturalization certificate, and other property had disappeared. It was in evidence that defendant, in person and with the assistance of another acting under his direction, had gone to the house during the absence of plaintiff, found a key that unlocked the door, entered and removed all of plaintiff's effects from the room and from the building and placed them outside of the house on the lot. Plaintiff did not remove any of his furniture or possessions from where they had been left by defendant.

186MoApp41

There was no probative evidence as to the value of the articles removed, destroyed or lost.

At the conclusion of plaintiff's evidence defendant asked for an instruction to the effect that plaintiff could not recover. This was refused, defendant excepting, and then introducing his evidence.

At the request of plaintiff the court instructed the jury that if they believed and found from the evidence that the room mentioned was part of the building belonging to Timmerman, or to his estate, and that it was leased by Timmerman to Behring, and that Behring had leased or rented the room to plaintiff and put plaintiff in possession of said room about April 1, 1910, and that plaintiff had remained in occupancy thereof, residing therein and keeping his furniture and other personal property in the same, and that on June 28, 1911, he was peaceably and without disturbance so occupying the same and that while he was in such occupancy the defendant, with another assisting him, without the consent and against the will of plaintiff, entered the room and removed the furniture and other personal property belonging to plaintiff from the same, the jury would find in favor of plaintiff and assess the actual damages at a nominal sum, that is one dollar or one cent.

The court further instructed the jury of its own motion, modifying instructions requested by plaintiff, that if the jury found in favor of plaintiff and found from the evidence that the defendant wantonly and maliciously broke into and entered the room and removed plaintiff's goods, etc., from the room, then the jury may, if they think proper, in addition to the actual damages found by them, assess exemplary damages in favor of plaintiff by way of punishment and as a warning to others, in such sum as the jury may deem proper under all the circumstances of the case, and that although in such case the jury may find and allow punitive damages, if they think proper, this is a matter

left to their discretion. and they are not bound to allow such damages but may do so or not as they may deem just and proper under all the circumstances of the case, as shown by the evidence.

The court also properly defined "malicious" as used in this instruction.

Excepting to the giving of these instructions defendant asked an instruction that under the pleadings, the law and the evidence the jury could not find exemplary damages for plaintiff against defendant. The court refused this, defendant excepting.

The verdict awarded plaintiff one dollar as actual damages and $200 as exemplary or punitive damages.

Interposing a motion for new trial and excepting to that being overruled, defendant has duly perfected his appeal to this court.

It is argued by the learned counsel for appellant that this is an action *trespass quare clausam fregit* to recover damages for injury to the realty consequent upon entry without right upon plaintiff's land; that the common law affords no civil remedy against a person having a right who enters forcibly; that the injured party must appeal to the statutory action of forcible entry and detainer; that the whole scope and theory of the law of forcible entry and detainer is to prevent men from attempting vindication of their rights with their own hands. Quoting section 7656, Revised Statutes 1909, it is argued that the whole subject-matter of forcible entries has been revised by the enactment of the forcible and unlawful entry and detainer acts: that common law and statutes may be repealed by revision of the whole subject-matter of the former law which is evidently intended as a substitute for it, and that section 7883, Revised Statutes 1909, relating to notice to tenants does not give a tenant holding over a right to notice to quit. In brief, the contention is that plaintiff has missed not only his form of action, but the proper forum; that he should have commenced his ac-

tion under section 7656, Revised Statutes 1909, before a justice of the peace, and that the remedy there given is exclusive of any common-law remedy.

The principal authority relied upon by learned counsel for appellant, from our own State, is Levy v. McClintock, 141 Mo. 593, 125 S. W. 541, counsel claiming that the case there considered is on all fours with the case at bar. We cannot agree with counsel, and do not think that case applicable nor that it sustains his proposition. We think this an ordinary action for trespass and not an action for trespass to the realty. It is very similar in its facts to the facts in Gildersleeve v. Overstolz, 90 Mo. App. 518, and Murphy v. Centruy Building Co., 90 Mo. App. 621. That may also be said, in a measure, and in the controlling features of it, of the case of Seago v. Paul Jones Realty Co., 185 Mo. App. 292, 170 S. W. 372. The law announced in those cases, as well as the principle involved in them, may well be applied here.

On the facts in evidence in the case at bar, plaintiff was in the peaceable possession of the premises, and, as far as appears, lawfully in the possession of them. No point is made that the tenant had not authority to sublease to this plaintiff. Whether he had or not, beyond all question plaintiff was in the actual possession of this property, of these premises, for something over a year. Whether he did or did not pay rent, is not material in this action, and there is no pretense that he was ever notified by any one at any time to deliver up possession.

The acts of the defendant in this case, as shown by the evidence, even according to that introduced by defendant himself, authorized the giving of the instruction as to punitive damages. According to the testimony of Mr. Sturdy, constable and deputy sheriff, the defendant wanted him to put plaintiff out of the house. Sturdy asked him if he had any papers. Defendant said he had not, but, pointing to a desk in his

office said to Sturdy, "Take any paper and read it; that would be sufficient." Sturdy declined, saying he could not "do anything like that." Thereupon defendant proceeded to the house and threw ·out plaintiff's property. That act was a high-handed attempt by the defendant to take the law into his own hands and forcibly dispossess plaintiff, who in no sense of the word was a trespasser upon the property.

We see no error in the instructions upon which the case was submitted to the jury, in fact no error is assigned to them, beyond the argument that no instructions on behalf of plaintiff should have been given, but that the instructions in the nature of demurrers asked by the defendant should have been given.

The judgment of the circuit court is affirmed. *Nortoni* and *Allen, JJ.,* concur.