OTTO KLIE, Respondent, v. WILLIAM E. WELLMAN et al., Defendants; STARK DISTILLERY COMPANY, Appellant.

St. Louis Court of Appeals, April 6, 1915.

1. EXECUTIONS: Wrongful Levy: Joint Liability of Officer and Judgment Creditor. A constable, who made a wrongful levy under an execution, and the judgment creditor, who was present at and participated in the wrongful levy, were liable as cotrespassers, jointly and severally.

2. FRAUDULENT CONVEYANCES: Change of Possession: Sufficiency of Evidence. Plaintiff, after purchasing the fixtures

and equipment of a saloon (there being no goods on hand except a negligible quantity of liquor), took and retained possession, and purchased a large supply of goods suitable to the business from a number of different merchants, telling those with whom he dealt and others that he had acquired the saloon, and, at the time the fixtures, equipment and stock of goods were levied upon under an execution against his vendor, was in actual, open and exclusive possession, asserting his ownership. In an action by him for wrongful levy, *held* that it was at the most a question for the jury whether there was such "open, notorious and unequivocal" change of possession as would satisfy Sec. 2887, R. S. 1909, and hence the court would have had no right to declare the sale of the fixtures and equipment fraudulent and void under the statute, as a matter of law.

3. **EXECUTIONS: Wrongful Levy: Involuntary Payment: Duress.** Where officers, who levied upon plaintiff's saloon fixtures and stock of goods under an execution issued against the person from whom he purchased the saloon fixtures, were proceeding to eject plaintiff and close the saloon, having placed a sign on the door to the effect that the place was in their hands, when plaintiff paid the amount due under the execution, the payment was made under duress and was recoverable as actual damages in an action for the wrongful levy.

4. ———: ———: **Punitive Damages.** Where plaintiff was in the actual, open and exclusive possession of saloon fixtures and a stock of goods, asserting his ownership thereof, and they were levied upon under an execution issued against the person from whom he had purchased the fixtures, and the levy was made after he had displayed bills for the stock of goods purchased, and the judgment creditor's attorney actively participated in having the levy made and threatened a suit upon the officer's bond if it were not made, a verdict against the judgment creditor for punitive damages, in an action for the wrongful levy, was warranted.

5. ———: ———: **Instructions.** In an action against a constable and a judgment creditor for wrongful levy upon plaintiff's store fixtures and stock of goods under an execution issued against the person from whom plaintiff had purchased the fixtures, *held* that the instructions fully and fairly submitted the issues to the jury.

6. ———: ———: ———. In an action against a constable and a judgment creditor for wrongful levy upon plaintiff's store fixtures and stock of goods under an execution issued against the person from whom plaintiff had purchased the fixtures, an instruction which dealt solely with the question of the liability of the constable was not prejudicial to the judgment creditor by reason of its failure to require a finding as to plaintiff's

Klie v. Wellman.

ownership and possession of the fixtures purchased from the judgment debtor.

7. ——: ——: ———. In an action against a constable and a judgment creditor for wrongful levy upon plaintiff's store fixtures and stock of goods under an execution issued against the person from whom plaintiff had purchased the fixtures, an instruction requested by defendant, which might have misled the jury into believing that it was necessary for plaintiff to publish some formal notice to the world of the change of possession, was properly refused.

8. INSTRUCTIONS: Refusal: Question Submitted Covered by Other Instructions. It is not error to refuse an instruction which submits a defense that is fully covered by other instructions which are given.

Appeal from St. Louis City Circuit Court.—*Hon. Daniel D. Fisher,* Judge.

AFFIRMED.

*D. J. O'Keefe* for appellant.

(1) Under the facts stated in the petition plaintiff is not entitled to maintain this action: (a) Money alleged to have been paid to officer by plaintiff was with the knowledge at the time of payment that it was to be applied by the officer in payment of debt due from another. 10 Am. & Eng. Ency. of Law, p. 344; Claflin v. McDonough, 33 Mo. 412; Brewing Co. v. St. Louis, 187 Mo. 367; 22 Am. & Eng. Ency. of Law, p. 616. (b) Plaintiff has pursued the wrong remedy as secs. 2317, 2345 and 4551, R. S. 1909, provide the remedies which should have been employed to procure the release of his alleged property from the levy and seizure by the officer under the writ of attachment or proper satisfaction upon the bond or he might have maintained an action in replevin, and having neglected and refused to pursue any of these appropriate remedies, is estopped from prosecuting this action. State ex rel. O'Bryan v. Koontz, 83 Mo. 323; State to use Armstrong v. Lang-

don, 57 Mo. 353; McElfatrick v. Macauly, 15 Mo. App. 102; Smith ex rel. v. Rogers, 99 Mo. App. 252. (2) Under the evidence in this case the alleged sale of property in question from the former owner to the plaintiff in this case was fraudulent and void as against defendant Stark Distillery Company, a creditor of the former owner, and the court erred in its failure to so instruct the jury as requested by defendants. Sec. 2887, R. S. 1909; Bump on Fraudulent Conveyances (4 Ed.), secs. 121, 122, 123, 125, 127 and 128; Claflin v. Rosenberg, 142 Mo. 439; Wright v. McCormack, 67 Mo. 426; Rivercomb to use v. Duker, 74 Mo. App. 570; Bishop v. O'Connell, 56 Mo. 158; Kohn v. Troll, 72 Mo. App. 321; State ex rel. v. Gortz, 131 Mo. 675; Collins v. Wilhoit, 108 Mo. 451; Bowles Live Stock Commission Co. v. Hunter, 91 Mo. App. 418; 97 American Decisions, 336; State ex rel. v. Durant, 53 Mo. App. 493; Williams v. Youtsey, 151 Mo. App. 69. (3) Instructions for plaintiff are all clearly erroneous especially instructions designated as plaintiff's instructions numbers 3 and 4. (4) Instruction number 6, asked by defendant and refused by the court should have been given. Burgert v. Borchert et al., 59 Mo. 87. (5) There was no evidence in the case upon which the jury could base a verdict for punitive damages. Bump on Fraudulent Conveyances (4 Ed.), sec. 125. (6) The verdict of the jury clearly shows that it was the result of bias, prejudice and passion.

*John T. Fitzsimmons* for respondent.

(1) Respondent adopted the proper remedy. It is an action in tort for the wrong. All statutes providing for third party claims, indemnifying bonds, and interpleas, referred to by appellant in the second subdivision of his first point, give remedies which are merely permissive and optional with the party wronged and are not exclusive remedies. And respondent prop-

erly joined Stark Distillery Company as a defendant with Constable Wellman in the same action. Fry v. Estes, 52 Mo. App. 1; State to use v. Thomas, 19 Mo. 613; Walser v. Thies, 56 Mo. 89; Dowell v. Taylor, 2 Mo. App. 328; Kreher v. Mason, 25 Mo. App. 291; Vaughn v. Fisher, 32 Mo. App. 29; Frank v. Curtis, 58 Mo. App. 349; Kelly v. Swift, 127 Mass. 187; Grant v. Reinhart, 33 Mo. App. 74; Alexander v. Harrison, 38 Mo. 258; State to use of Gates v. Fitzpatrick, 64 Mo. 185. (2) Appellant in the presentation of his case in the trial court and upon appeal proceeds upon the theory that it is a conceded or demonstrated fact that the goods levied upon were the goods which Klie obtained from Risz when Klie bought the saloon for eighty-five dollars. But respondent Klie did not, in his pleading or proof, base his claim of possession and ownership of the attached goods upon his purchase from Risz. Respondent's uncontroverted proof was he obtained little or nothing from Risz and that at the time of levy, respondent had in the saloon premises a large stock purchased in the open market, and not acquired from Risz. Therefore, all of appellant's defenses founded on the principle of a void or fraudulent sale from Risz to Klie fail. Even the Bulk Sales Law which was enacted since December 23, 1911, would not apply as to the goods purchased by Klie in the open market if that law were then in force. Nor do the general statutes relating to fraudulent sales give aid to the appellant's cause. Joplin Supply Co. v. Smith, 182 Mo. App. 212 (Interpreting the Bulk Sales Law); "Bulk Sales Law," Laws of 1913, page 163; Sec. 2294, R. S. 1909, stating grounds of attachment; Sec. 2344, R. S. 1909, giving attaching creditor right of action to set aside fraudulent conveyance; Sec. 2887, providing that sales of goods shall be fraudulent and void as against creditors of vendor unless possession follows sale. (3) Even on appellant's theory that the goods levied on were the goods acquired by Klie from Risz,

and leaving out of consideration respondent's proof that the goods levied upon were goods purchased by him in the open market, the question of Klie's title and possession as against Risz's creditor, Stark Distillery Company, was rightfully, properly and fairly submitted to the jury. Scovill v. Glasner, 79 Mo. 449, 456; Edwards v. Schreiber, 168 Mo. App. 197; Kahmke v. Weber, 187 Mo. App. 698; State ex rel. v. Fitzpatrick, 64 Mo. 189; Claflin v. Rosenberg, Simon Strauss, Interpleader, 42 Mo. 439 (not 142 Mo. as given in appellant's list of authorities); Wright v. McCormick, 67 Mo. 426; Bishop v. O'Connell, 56 Mo. 158; Rivercomb, Constable, to use of Swift v. Buker, 74 Mo. App. 570; Kohn v. Troll, 72 Mo. App. 321; State ex rel. Baumunk v. Goetz, 131 Mo. 675; Live Stock Commission Co. v. Hunter, 91 Mo. App. 418. (4) The circumstances under which respondent paid to Constable Wellman the debt due from Risz to appellant, Stark Distillery Company, constituted the most extreme form of duress known to the law, namely, "a payment made to emancipate the property from an actual or existing duress imposed upon it by the party to whom the money is paid, or to prevent a seizure by a party armed with apparent authority to seize the property." Even this old rule to which respondent's case conforms in pleading and proof has been greatly relaxed. Claflin v. McDonough, 33 Mo. 412; American Brewing Co. v. City of St. Louis, 187 Mo. 367, 376, 377; Frank v. Curtis, 58 Mo. App. 349. (5) Respondent's instructions exactly state the law applicable to the case made at the trial. If there be any error in any of them it is to be found in respondent's instruction 3, but whatever error may appear in that instruction does not avail appellant, because (a) that instruction related alone to defendant Wellman who obtained a verdict in the trial court, and (b) that instruction was properly cured and supplemented by respondent's instructions 1 and 2. Fry v. Estes, 52 Mo. App. 1; State to use v. Thomas, 19 Mo.

613; Kreher v. Mason, 25 Mo. App. 291; Frank v.
Curtis, 58 Mo. App. 349; Kelly v. Swift, 127 Mass.
187; Grant v. Reinhart, 32 Mo. App. 74; Alexander
v. Harrison, 38 Mo. 258; State to use of Gates v. Fitz-
patrick, 69 Mo. 185. (6) The instruction given by
the court, of its motion, and being a modified form of
instruction asked by plaintiff, was a correct statement
of the law applicable to the case as made. Besides
appellant did not, in his motion for a new trial, direct
the court's attention to any purported error in this
instruction. (7) The question of punitive damages
was properly submitted to the jury and the verdict
allowing punitive damages should stand. Cooper v.
Scyoc, 104 Mo. App. 414; Walser v. Thies, 56 Mo.
89; Fry v. Estes, 52 Mo. App. 1; State to use of Mc-
Clenden v. Jungling, 116 Mo. 162.

ALLEN, J.—This is an action against a constable,
defendant Wellman, and his codefendant, Stark Distil-
lery Company, a corporation, at whose instance the
constable acted, to recover damages, compensatory and
punitive, for an alleged wrongful levy upon plaintiff's
property. There was a judgment against defendant
Stark Distillery Company alone, for $40.60 actual and
$100 punitive damages, and the case is here upon its
appeal.

On December 16, 1911, one Risz, who owned and
operated a saloon in the city of St. Louis, and who was
indebted to defendant Stark Distillery Company, sold
the saloon to plaintiff for $85 in cash, and plaintiff at
once entered into possession thereof. Plaintiff testi-
fied that, at the time of the sale, there was no stock
of goods on hand in the saloon, except some liquor
less than a gallon in amount; that, aside from this, the
property acquired consisted of certain saloon fixtures,
glassware, etc.; and that during the following week
plaintiff purchased from perhaps a dozen different

dealers a stock of liquors and cigars, costing in all about $500.

One week after the purchase of the saloon by plaintiff, to-wit, December 23, 1911, two of constable Wellman's deputies, accompanied by an attorney representing appellant corporation, came to the saloon for the purpose of levying upon the contents thereof, under a writ issued in an attachment proceeding in which this appellant was plaintiff and Risz defendant. Plaintiff was in charge of the place at the time. There is some conflict in the testimony as to just what took place between these parties and plaintiff when the former entered the saloon. However, there is little, if any, dispute as to the fact that when plaintiff learned that the deputy constables were there to levy upon the property to satisfy a debt of Risz to appellant, he informed them, in the presence of appellant's representative, that he was the owner of the property, and displayed bills for the stock of goods which he had purchased and installed. However, in spite of plaintiff's repeated protests, the officers-proceeded with the levy, took charge of the saloon, closed it and put a sign upon the door to the effect that the property was in the hands of the constable. Plaintiff, thereupon, coerced by the levy, paid the amount of appellant's claim against Risz, to-wit, $40.60, and the property was released.

There can be no doubt that the evidence warranted a recovery by plaintiff against either or both of the defendants, as being cotrespassers jointly and severally liable in the premises. [See Kreher v. Mason, 25 Mo. App. 291; Gilbert and Miller v. Peck, 43 Mo. App. 577; Cooper v. Scyoc, 104 Mo. App. 414, 79 S. W. 751.] That plaintiff, in good faith, purchased the saloon fixtures and equipment from Risz one week prior to the levy, and purchased and installed the stock of saloon goods, is in nowise disputed. The contention is, however, that as to the property purchased from Risz there

was not such "open, notorious and unequivocal" change of possession as to satisfy the statute (Section 2887, Revised Statutes 1909) respecting fraudulent conveyances. [See Claflin v. Rosenberg, 42 Mo. 439; Bishop v. O'Connell, 56 Mo. 158; Wright v. McCormick, 67 Mo. 426; Rivercomb to use v. Duker, 74 Mo. App. 570.] This, of course, does not apply to the stock of goods purchased in the open market and installed by plaintiff, which constituted the great bulk of the property levied upon; and even as to the other property the facts shown were such as to make this question, at most, one for the jury. The evidence is that plaintiff immediately went into possession and so continued, and purchased goods from perhaps a dozen different business houses, telling those with whom he dealt and others that he had acquired the saloon; that whereas the stock in trade had become entirely exhausted, except for a negligible quantity of liquor, he laid in a large supply of goods of various kinds suitable to the business, evidently making it apparent to a casual observer that a marked change had come about in the management of the place. He was in actual, open and exclusive possession, asserting his ownership, when the officers insisted upon making the levy. There was no stock requiring an inventory. Plaintiff had not put up a sign, but the evidence is that the former owner had never used one.

Under the circumstances it is altogether clear that the court could not have declared as a matter of law that the sale from Risz to plaintiff was fraudulent and void under the statute. [See Claflin v. Rosenberg, supra; Reynolds v. Beck, 108 Mo. App. 188, 83 S. W. 292.] In fact it was almost if not conclusively shown that there was an actual, open delivery of the property in question, with continued possession in the vendee under circumstances and accompanied by acts on the part of the vendee such as to afford a fair oppor-

tunity for the community to observe or learn of the change of possession. [See Reynolds v. Beck, supra, l. c. 198.] Defendants, in proceeding with the levy, in spite of the evidence of plaintiff's title, and over his protest, acted at their peril.

Nor can it be successfully claimed that the payment of the $40.60 by plaintiff was voluntary on his part. Plaintiff was clearly coerced into making such payment in order to emancipate his property from the levy. The officers were proceeding to eject plaintiff and close the saloon, having placed a sign on the door to the effect that the place was in the hands of the constable. There can be no doubt that plaintiff acted under duress in making the payment; and his right to recover this by way of actual damages sustained is beyond question.

Also there is an abundance of evidence in the case to support the verdict against this appellant for punitive damages. The trespass was willful, and in utter disregard of plaintiff's rights. Under the facts found, it constituted the intentional doing of a wrongful act without legal justification or excuse, and malicious in law. Appellant not only caused the writ of attachment to be issued, but its representative was present and actively participated in having the levy made, and, according to plaintiff's testimony, threatened a suit upon the constable's bond if it were not done. Clearly the facts warranted the assessment of punitive damages against appellant. [See Bank v. Curtis & Son, 58 Mo. App. 349; Cooper v. Scyoc, supra.; Seago v. Paul Jones Realty Co., 185 Mo. App. 292, 170 S. W. 372.]

Some complaint is made of the instructions given for plaintiff, but we find no reversible error in them. The instructions as a whole, which are quite lengthy and need not be set out, fully and fairly submitted the issues to the jury. One of plaintiff's instructions omits to require a finding as to plaintiff's ownership

and possession of the property bought from Risz; but, in any event, this was not prejudicial to appellant, since that instruction dealt solely with the question of the liability of the defendant constable.

Appellant also complains of the refusal of an instruction requested by it. But the defenses relied upon were fully covered by the instructions given; and besides, the refused instruction was such as to perhaps mislead the jury into the belief that it was necessary for plaintiff to publish some formal notice to the world of the change of possession. It was not error to refuse it.

The judgment should be affirmed, and it is so ordered. *Reynolds, P. J.,* and *Nortoni, J.,* concur.