Francis M. BROWN, Appellee,

v.

ASSOCIATED DRY GOODS, INC., a Corporation, d/b/a Stix, Baer & Fuller, Appellant.

No. 80–1524.

United States Court of Appeals, Eighth Circuit.

Submitted March 9, 1981.

Decided Aug. 10, 1981.

Dowd, Oates & Dowd, Douglas P. Dowd (argued), St. Louis, Mo., for appellee.

Paul S. Brown, Jeffrey L. Cramer (argued), Brown, James, Rabbitt, Whaley, McMillian & Pitzer, St. Louis, Mo., for appellant.

Before HEANEY and HENLEY, Circuit Judges, and PECK,* Senior Circuit Judge.

JOHN W. PECK, Senior Circuit Judge.

This is a diversity tort case in which the substantive law of Missouri controls. At a jury trial, plaintiff-appellee Brown recovered $65,000 in compensatory and punitive[1] damages flowing from a battery committed by Associated's (Stix's) employee. The issue on appeal is whether the trial court erred in not entering a judgment n. o. v. for Stix on the ground that, as a matter of law, the acts of Stix's employee were so "outrageous" that Stix should not be liable for them under the doctrine of respondeat superior.

Trial testimony produced two very different accounts of the events that led to Brown's injuries. On a motion for a judgment n. o. v., however, the evidence must be viewed in the light most favorable to the nonmovant. Further, the nonmovant enjoys the benefit of all legitimate inferences from the evidence. *E. g., Hannah v. Haskins,* 612 F.2d 373, 376 (8th Cir. 1980). Application of these principles yields the following as the facts of this case.

On January 4, 1978, Brown went to the Stix parking garage to pick up his car. It was around 8:30 in the evening, and the garage was locked. Brown asked Barnes, the night janitor, to unlock the garage so Brown could remove his car. Brown offered a $20 bill in payment of his parking fee. Barnes, although authorized to collect fees from late parkers, had no ready access to change. Brown refused to let Barnes go off with the $20 to get change. As Brown turned away from Barnes to get back into his car, Barnes spun him around and knocked him down without warning or provocation. Brown suffered broken ribs and a broken leg.

Stix argues on appeal that it should not be held responsible for the acts of its servant in this case, because those acts were clearly unnecessary or inappropriate to the accomplishment of the servant's proper tasks. Stix relies almost exclusively on two decisions of the Missouri Supreme Court: *Henderson v. Laclede Radio, Inc.,* 506 S.W.2d 434 (Mo.1974) and *Wellman v. Pacer Oil Co.,* 504 S.W.2d 55 (Mo.1973) (en banc), *cert. denied,* 416 U.S. 961, 94 S.Ct. 1981, 40 L.Ed.2d 313 (1974). Both of these cases establish as part of the law of Missouri the rule that a master is not liable for the intentional torts of a servant, if the servant's intent is unrelated to furtherance of the master's business, or if the means chosen to further that business are so utterly inappropriate as to be "outrageous and criminal." *See Henderson, supra,* 506 S.W.2d at 436–37; *Wellman, supra,* 504 S.W.2d at 58–60.

The present case is on its facts readily distinguished from both *Henderson* and *Wellman.* In *Henderson,* defendants' agent, in a chance late-night encounter with the plaintiff in an all-night cafe, quarreled with the plaintiff over money owed the defendant employer. The defendant's agent knocked the plaintiff down and, after being ejected from the cafe, lay in wait for the plaintiff outside the cafe, where he later waylaid the plaintiff, again knocked him down, and kicked him in the head. The agent was primarily a salesman, not a collector. The amount due was small, and the plaintiff was not delinquent in payment. See 506 S.W.2d at 434–36. In *Wellman,* the defendant's servant was a gas station attendant. The attendant twice shot a customer who had threatened to complain to the station manager about damage the attendant had done to the plaintiff's car. See 504 S.W.2d at 56–57.

If *Henderson* and *Wellman* are the models of "outrageous" conduct for which a master is not liable, Stix should not, as a matter of law, be absolved from liability. Barnes's acts were not unforeseeably violent, nor completely divorced from his prop-

---

* The Honorable John W. Peck, United States Senior Circuit Judge, United States Court of Appeals for the Sixth Circuit sitting by designation.

1. In this appeal, Stix does not challenge the award to Brown of punitive damages for the wilful acts of Stix's servant.

er tasks. Unlike the servant in *Henderson*, Barnes was on the job at the time of the battery. He was attempting to collect a late parker's fee, as he was expected and authorized to do. Barnes did not, like the attendant in *Wellman*, use potentially deadly force to settle what had become a private argument.

Recent interpretation of *Henderson* and *Wellman* by the Missouri Court of Appeals supports these conclusions. That court looked to the following to decide whether an agent's use of force was within the scope of his employ:

> the nature of principal's business, whether or not the employment will bring the agent into contact with the public and the likelihood his employment will involve the use of force; whether or not the agent acts within authorized hours and at an authorized place; and whether or not the agent acts from a personal motive. However, a principal will not be held vicariously liable if the acts of the agent are "outrageous and criminal—so excessively violent as to be totally without reason or responsibility. . . ."

*Mansfield v. Smithie*, 615 S.W.2d 649, 650 (Mo.App.1981) (citations omitted). Although use of force was not likely in the night janitor's job, some contact with the public was expected. Barnes acted within authorized hours at an authorized place. No personal motive can be ascribed to Barnes, unless it be the motive of self-defense. The jury, however, rejected Barnes's assertions that he acted only in self-defense, and these assertions can gain no credence from us.

The judgment of the district court is affirmed. Costs to appellee.