Denver J. STAMPS and Erma O. Stamps, Appellants,

v.

SOUTHWESTERN BELL TELEPHONE, a corporation, Respondent.

No. 46304.

Missouri Court of Appeals, Eastern District, Division Seven.

Jan. 24, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 8, 1984.

Marshall, Littmann & Ragland, Richard M. Marshall, Clayton, for appellants.

Thad Hollie, Jr., James A. Daugherty, Leo E. Eickhoff, Jr., Frank C. McGill, St. Louis, for respondent.

CRIST, Judge.

Suit on an agreement entered into by and between appellants (advertisers) and respondent (telephone company) providing for the insertion of Yellow Page advertising and the reservation of two telephone numbers for advertisers. At the close of all the evidence, the trial court directed a verdict for telephone company on the issue of punitive damages. The jury returned a verdict for advertisers in the sum of $50,000.00 compensatory damages. Advertisers appeal the directed verdict on punitive damages, and telephone company appeals the $50,000.00 judgment for actual damages. We affirm the directed verdict on punitive damages, and reverse and remand for a new trial on all other issues.

Advertisers had been in the sewer cleaning business in St. Louis, Missouri for over twenty years, using Yellow Pages advertising during that period. Disputes arose over the charges for this directory advertising in 1966 and 1970, which resulted in litigation and settlement of the amounts alleged to be due.

In June, 1975, advertisers signed telephone company's application for Yellow Page advertising in the November, 1975 St. Louis County Yellow Pages Directory. The advertising, showing two telephone numbers to call for service, was inserted in that directory. The advertised numbers were reserved for advertisers and were to be connected when advertisers requested. Charges for the advertising were to be paid monthly, commencing when and if advertisers elected to connect service under the two reserved numbers.

Connection was requested in January, 1976. Telephone company agreed to connect the two numbers upon advertisers' payment of $530.84 due on other telephone service. This sum was duly paid. Telephone company then asked advertisers to sign a form attesting to the accuracy of the advertisements in the 1975 St. Louis County Yellow Pages Directory. (At this time, there was a dispute concerning the accuracy of advertisers' advertisements in the 1975 St. Louis City Yellow Pages Directory.) Advertisers refused to sign this form, upon which telephone company demanded payment in advance for the aggregate monthly payments due ($10,444.00) under the application, as a condition to service under the two served numbers. Advertisers refused to pay in advance, service was not connected, and this suit followed.

Advertisers submitted their case to the jury on the theory advertisers agreed to advertise in the Yellow Pages, paying monthly, according to the terms of the contract, and telephone company agreed to publish the advertisement in the Yellow Pages and connect the telephone numbers advertised therein; advertisers performed their agreement, but telephone company did not. Telephone company submitted to the jury the question of whether the contract required advertisers to pay in advance when demanded by telephone company, and, if so, whether advertisers failed to perform their agreement by failing to pay in advance when so demanded by telephone company. The jury found advertisers had performed their part of the agreement, but telephone company had not.

Advertisers assert they were entitled to submit the issue of punitive damages to the jury. The general rule is punitive damages are not recoverable for breach of contract. *Williams v. Kansas City Public Service Company*, 294 S.W.2d 36, 40 (Mo.1956). An exception to the gen-

eral rule allows punitive damages to be recovered when plaintiff alleges and proves an independent and willful tort founded on the breach of contract. Advertisers only plead allegations of malice and willfulness, and failed to allege or prove the necessary independent and willful tort. Therefore, punitive damages were not recoverable.

■ While double recovery is not permissible, *Ross v. Holton,* 640 S.W.2d 166, 173 (Mo.App.1982), it would seem the independent tort arising from the breach should be alleged, proved, and the ultimate facts thereof submitted to the jury as a predicate for the award of punitive damages. Nor do we find that the evidence in this case places it within the "narrow exceptions" alluded to in *Ferguson v. Overhead Door Co. of Springfield,* 549 S.W.2d 356, 362 (Mo.App.1977).

■ We have considered all of telephone company's points relied on, only one of which need be addressed. Advertisers' evidence of actual damages was insufficient to sustain a judgment of $50,000.00. *Warner v. Southwestern Bell Telephone Company,* 428 S.W.2d 596, 604 (Mo.1968). Advertisers sought to recover damages based on loss of business income, and the complete loss of their business. Their evidence on the complete loss of business was in the form of a value placed on the business as of January 16, 1976. No other value was placed on the business, other than general statements that they were forced out of St. Louis, or forced to move the business, by not having access to Yellow Pages advertising. Advertisers' evidence on lost profits consists of a decline in gross receipts. This falls short of the required proof of lost profits. *Coonis v. Rogers,* 429 S.W.2d 709, 714 (Mo.1968). While advertisers proved the obvious loss of business by showing a substantial reduction in the number of telephone calls they received during the contract period, the evidence will not sustain the verdict for $50,000.00.

The judgment directing a verdict in favor of telephone company on punitive damages is affirmed. The judgment, in all other respects, is reversed and remanded for a new trial.

DOWD, C.J., and PUDLOWSKI, J., concur.