**Virgil FOSTER, Terry G. Temples, Lloyd R. Oliver and Phyllis Oliver, Plaintiffs-Appellants,**

v.

**Louis KEENA, Defendant-Respondent.**

No. 14190.

Missouri Court of Appeals, Southern District, Division Two.

July 16, 1986.

Ted M. Henson, Jr., Poplar Bluff, for plaintiffs-appellants.

Stephen W. Holden, Dexter, for defendant-respondent.

MAUS, Judge.

In this action plaintiffs Virgil Foster, Terry Gale Temples, Lloyd R. Oliver and Phyllis D. Oliver, (landlords) obtained a judgment declaring defendant Louis Keena (tenant) did not timely exercise an option to purchase a 120–acre farm. On his counterclaim, tenant recovered a judgment against landlords for wrongful eviction for $4,275 actual damages and $2,500 punitive damages. Landlords present four points on appeal.

In this court tried action no findings of fact were requested or made. "All fact issues upon which no specific findings are made shall be considered as having been found in accordance with the result reached." Rule 73.01(a)(2). Viewing the evidence in accordance with that rule, the following is an outline of the facts.

Thelia Keena, mother of the tenant, owned the farm in question. In early 1983, the farm was to be sold at a foreclosure sale. She sought assistance from landlord Lloyd R. Oliver, a distant relative and long-time friend. As a result, on or about February 16, 1983, the four landlords purchased the 120–acre farm for $32,000.

At that time, tenant was "share cropping" the farm. The contract for sale provided the possession of the landlords was to be subject to the right of tenant "who is presently in possession of said property as tenant on a year to year tenancy for the purpose of farming said property on a one-third crop rent basis." The contract further provided landlords were to receive the owners' one-third crop rent. Also as part of the terms of the sale, landlords granted tenant Louis Keena an option to purchase the farm for $42,000. The option was to be exercised not later than December 1, 1983.

As noted, the trial court determined tenant's efforts to exercise that option were tardy. The appeal from that determination has been dismissed.

On June 11, 1983, landlords Virgil Foster and Lloyd R. Oliver went to the home of Thelia Keena where a wedding was in progress. Upon confronting tenant, they told him he was not farming the land properly and that they would farm it. Tenant was also told that if he returned to the farm, he would not walk off.

On June 12, 1983, tenant consulted the attorney landlords had selected to draft the contract of sale and option. Tenant testified, "I talked to Wilson, we come to an understanding to go over to tell them to vacate the farm, that I had the right to farm it, and that I was going to farm it and for them to please leave." That day tenant went to the farm where Lloyd R. Oliver and Virgil Foster were working on a tractor. Tenant told them of the opinion of the attorney. Keena testified that Oliver told him "to shut up and get the hell off of his farm, that it was their farm now, get my truck off of there, if they ever caught me over there again, somebody would drag me off by my heels." Thelia Keena related a conversation she had with Virgil Foster shortly after June 11, 1983. "[I]f any of my kids were caught on that place he would kill them, and if we had any equipment over there he was dragging it out in the middle of the road, he didn't care if it was tore up or not, and if we wanted it we could come out in the road and pick it up." Thelia Keena reported this to her son.

Louis Keena believed what he was told. He was afraid of Lloyd R. Oliver and Virgil Foster. He made no further effort to farm the property. Landlords took charge and farmed the property. They and Thelia Keena collected payments due by reason of the farm from the Department of Agriculture.

Landlords' first point is that the trial court erred because there was no evidence of force used against tenant. An unlawful eviction may result from the

threat of violence. *Clinton County Sportsmen's Club v. Weakley,* 203 S.W.2d 128 (Mo.App.1947). The evidence was sufficient to support a conclusion by the trial court that the eviction of the tenant resulted from the threat of violence. The point is denied.

■ Landlords next contend the trial court erroneously awarded punitive damages for the landlords' breach of contract. For the purpose of this point, it may be assumed, without deciding, the tenant's cause of action was based upon a contract. The general rule is that punitive damages are not awarded for the breach of a contract. *Smith v. American Bank & Trust Co.,* 639 S.W.2d 169 (Mo.App.1982). Nevertheless, one of the exceptions to that general rule allows punitive damages to be recovered when a plaintiff alleges and proves a breach that amounts to an independent and willful tort. See *Stamps v. Southwestern Bell Telephone,* 667 S.W.2d 12 (Mo.App.1984); *Greening v. Klamen,* 652 S.W.2d 730 (Mo.App.1983). That exception is applicable. *Strauel v. Lubeley,* 186 Mo. App. 638, 172 S.W. 434 (1915).

■ Landlords' third point is that punitive damages were erroneously awarded because the landlords "did have just cause or excuse for any acts of dispossession committed by them." They cite *Ozark Wood Industries v. First Nat. Bank,* 625 S.W.2d 651 (Mo.App.1981). In that case a defendant's honest belief his act was lawful, defeated a claim for punitive damages. Landlords' determination the tenant would not profitably farm the property does not, as they contend, qualify as such an honest belief. Lloyd R. Oliver and Virgil Foster were told by Keena that the attorney they had selected advised they had no justification for evicting the tenant. When asked on what basis or information he could have believed he had a right to do so, Virgil Foster gave a series of evasive answers. A determination by the trial court that the landlords had no such good faith belief was supported by the evidence.

Landlords' last point concerns the liability of Phyllis D. Oliver and Terry Gale

Temples. These parties could have raised divers issues concerning their liability. Whether or not the acts of Lloyd R. Oliver and Virgil Foster were within the scope of a partnership is such an issue. Cf. *Brown v. Associated Dry Goods, Inc.,* 656 F.2d 306 (8th Cir.1981); *Hern v. Heckert,* 679 S.W.2d 322 (Mo.App.1984); *Mansfield v. Smithie,* 615 S.W.2d 649 (Mo.App.1981). The same is true of the question of the liability of a non-participating partner for punitive damages. See *Martin v. Barbour,* 558 S.W.2d 200 (Mo.App.1977); *Fordyce v. Montgomery,* 424 S.W.2d 746 (Mo. App.1968); *Martin v. Yeoham,* 419 S.W.2d 937 (Mo.App.1967); Annot., Punitive Damages—Derivative Liability of Partner for Punitive Damages for Wrongful Act of Co-Partner, 14 A.L.R.4th 1335 (1982).

However, landlords' last point is that the trial court erred in entering judgment against Terry Temples and Phyllis Oliver "on the ground that there is no substantial evidence to support this judgment in that there is no evidence that these sellers or anyone in their behalf committed any acts or made any threats to forcibly dispossess buyer from the farm in question." They argue there is no evidence to connect either of those parties with any of the alleged acts of dispossession. The only issue before this court is the point briefed. *Kurtz v. Fischer,* 600 S.W.2d 642 (Mo.App.1980). It is not the duty of this court to assume the position of an advocate and advance any other consideration. *Stephenson v. McClure,* 606 S.W.2d 208 (Mo.App.1980).

■ The uncontradicted testimony of Lloyd R. Oliver was, that with respect to the farm transaction, the four landlords were all partners. While her relationship was not further identified, Terry Gale Temples provided a portion of the purchase price paid Thelia Keena. Terry Gale Temples was present when the contract of sale and option agreement were prepared. She signed those documents. Phyllis D. Oliver is the wife of Lloyd R. Oliver. Her participation is established by a telephone call informing the local office of the Department of Agriculture that she and her hus-

band had a joint interest with Foster in the governmental payments. All landlords participated in a sale of the farm in early March for either $54,000 or $56,000. There was evidence from which the trial court could conclude Terry Gale Temples and Phyllis D. Oliver were connected to the eviction as members of a partnership, § 358.130, RSMo 1978, or a joint venture, 46 Am.Jur.2d Joint Ventures § 58 (1969). The landlords' fourth point is without merit and the judgment is affirmed.

PREWITT, C.J., HOGAN, P.J., and CROW, J., concur.